## ROME FURNACE COMPANY v. PATTERSON.

While a trespasser, notwithstanding his trespass, may have redress for injuries inflicted upon him by the active negligence of the owner or occupant of the premises, yet, in order for the latter to be liable in damages for such injuries, he must, at the time of such negligence, have known, or had good reason to apprehend, the presence of the trespasser where he was likely to be thereby injured.

Argued May 25, — Decided July 12, 1904.

Action for damages.    Before Judge Henry.    Floyd superior court.    December 21, 1903.

*R. T. Fouché* and *R. J. & J. McCamy*, for plaintiff in error. *Halsted Smith* and *Seaborn & Barry Wright*, contra.

FISH, P. J.    By an explosion of dynamite in a blacksmith shop owned and controlled by the Rome Furnace Company, and operated by its employees, the plaintiff, who, from the allegations of his petition, appears to have been a mere casual visitor to and lounger in the shop, was terribly injured.    He sued the company for damages sustained in consequence of such explosion.    There was a demurrer to his petition, which was overruled, and the defendant excepted.    Among other things, the petition alleged: "At the time petitioner went in said blacksmith shop there was a lard can sitting on the side of the forge, the contents of which petitioner did not know until he had been in said blacksmith shop for several minutes.    Petitioner learned of the contents of said can by seeing . . one of the employees of said Rome Furnace Company come in and take several sticks of dynamite out of the can. Shortly after said employee took the dynamite out of the can, . . Horton [an employee of the defendant company in charge of the shop] took hold of the lever of the bellows of the forge and began to blow the bellows.    About the time that he did so, petitioner heard a noise and saw the bellows fly back, and . . Horton began to run and cried out, 'God damn, run.'    As he said this he was about out of the door.    Petitioner looked back and saw a blue blaze on top of this can, and started to run out of the door, and was in the act of going out of the door when an explosion occurred," by which he was injured as specified in the petition.    It was further alleged: that it was negligence on the part of the defendant to expose dynamite to the heat of the forge of the black-

smith shop, and it was further negligence to blow the bellows as stated, and by reason of such negligence the explosion occurred and the plaintiff was injured; that dynamite is a dangerous explosive and was known to be such by the defendant and its employees, and the defendant was then using it for the purpose of blasting in its mines; that the dynamite was the property of the defendant and for the use of its employees; that Horton, as an employee of the defendant, was in charge of the dynamite in the blacksmith shop, knew that it was there, knew of its dangerous character, and negligently and carelessly exploded the same, to the injury of the plaintiff, and allowed the explosion to occur by want of ordinary care and caution on his part. The demurrer was upon the ground that the petition did not set forth such facts as authorized a recovery against the defendant, "for and on account of the matters therein alleged;" and "for the further ground that it [appeared] that plaintiff was injured by his own want of ordinary care."

.We think the court erred in overruling the demurrer. According to the allegations of the petition, the plaintiff went into the defendant's blacksmith shop without any invitation, express or implied, not for the purpose of transacting any business with the defendant, nor for any reason whatever which gave him the right to go there, but merely to wait until another person who was to haul some wood for him should finish the work in which he was engaged near the shop. He was, at least technically, a trespasser upon the premises where the explosion occurred. It is true that the petition does allege that the shop "was open for admission to any one who might choose to go in," but it is evident that this is a mere conclusion of the pleader, as no facts are alleged upon which to base it. It is not alleged that the shop was open for public custom, nor are any facts alleged from which it can be inferred that the plaintiff was even a licensee in the shop. Certainly the mere fact that the door of a private blacksmith shop may be open does not authorize the conclusion that any one who chooses to do so has the right to enter the shop and use it, solely for his own convenience and pleasure, as a lounging or resting place. It is evident, therefore, that the defendant owed the plaintiff no duty, so far as the condition of the premises was concerned, when he entered. He took whatever risk there was in going into

the house, both as to its condition and the manner in which the defendant's work was being carried on therein. Still, we think that, even as a trespasser, he would have the right to recover for any injuries sustained by him in consequence of the defendant having negligently and recklessly set in motion any destructive agency or force the natural tendency of which would be to imperil his life, if at the time of such negligent and reckless act the defendant knew, or ought to have known, that he was where he was likely to be injured thereby. The petition, however, fails to allege that the defendant, or Horton, its employee in charge of the shop and of the dynamite which exploded, knew or had reason to apprehend, at the time of the alleged negligence, that the plaintiff was upon the premises where the explosion occurred. It does allege that the plaintiff was in the blacksmith shop "for some minutes," but there is nothing which shows that he could not have been in there "for some minutes" without his presence being known to Horton. Pleadings are to be taken most strongly against the pleader, especially when their sufficiency is tested by demurrer; and a petition which renders it merely probable that a fact essential to the plaintiff's case existed will not withstand a demurrer upon the ground that it does not set forth facts sufficient to authorize a recovery against the defendant. Therefore, however careless and reckless this employee of the defendant may have been in regard to the dynamite, his conduct is not shown by the allegations of the petition to have been negligence relatively to the plaintiff. The petition fails to show that the defendant, in the conduct of the affairs of its shop, at the time of this deplorable occurrence, owed the defendant any duty. For this reason, the demurrer should have been sustained.

*Judgment reversed. All the Justices concur.*