[Sac. No. 1895.    Department One.—August 5, 1911.]

## A. G. LITCH, Appellant, v. HARRY D. WHITE, Marshal of the City of Chico, et al., Respondents.

NEGLIGENCE—ORDINANCE REGULATING CHARACTER OF AWNINGS—LIABILITY OF CITY MARSHAL FOR UNSAFETY.—Under a municipal ordinance providing that all awnings within an established fire district shall be kept in a safe and substantial condition, and whenever the same shall become dilapidated or unsafe, so as to menace the safety of pedestrians passing on the sidewalks or firemen required to go thereon in case of fire, "the same shall be put in a safe state of repair on five days' notice by the city marshal," and in case the owner refuses or neglects to so repair the same, it shall be abated by the marshal as a nuisance, after five days' notice to the owner, the city marshal, in the absence of actual knowledge by him of the unsafe condition of an awning, is not liable for an injury resulting therefrom, by reason of his failure to give the notice to the property-owner or to otherwise proceed under the ordinance.

ID.—AWNING FOR PROTECTION FROM WEATHER—OBLIGATION OF OWNER AS TO STRENGTH OF CONSTRUCTION.—In the absence of some valid law expressly providing otherwise, no duty is imposed upon the owner of a building, having an awning extending over the sidewalk simply as a protection from the sun or weather, to make it substantial enough to support a human being.

ID.—CONSTRUCTION OF ORDINANCE.—The whole effect of such ordinance is to require the property-owner to put his awnings in such a condition as may be specifically required of him by the city authorities with a view to the proper protection of pedestrians and firemen, failing to do which, the same will become a nuisance, abatable in the manner provided in the ordinance. It imposes no obligation upon him in the absence of the five days' notice specified therein, that does not exist independent of the ordinance.

    CLX Cal.—32

APPEAL from a judgment of the Superior Court of Butte County. K. S. Mahon, Judge presiding.

The facts are stated in the opinion of the court.

Lon Bond, and W. H. Carlin, for Appellant.

Guy R. Kennedy, Richard White, and Thomas, Gerstle, Frick & Beedy, for Respondents.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment for defendants in an action for damages for personal injuries, given upon sustaining the demurrers of defendants to his complaint and his failure to file an amended complaint.

The complaint substantially states the following facts: During the whole of the year 1906, the defendant Van Vlack was the owner and in the possession of a lot of land with a one-story building situated thereon, fronting on Broadway Street in the city of Chico, known as 218 Broadway Street, "together with that certain porch or awning connected with said building and being approximately twelve feet in width and twenty feet in length and approximately fourteen feet above and extending over the sidewalk along Broadway Street at said place." This property was within the limits of a fire district of said city lawfully created by the board of trustees thereof. The said "awning or porch . . . was not in or kept in a safe or substantial condition, but on the contrary, was in an unsafe and dangerous condition and was, and during all the said times continued to be in such an unsafe and dangerous condition as to menace and it did menace and was a menace to, the safety of firemen or any fireman required to go thereon in case of fire." On July 23, 1906, a fire broke out near said premises of Van Vlack. Shortly thereafter, plaintiff, a member of the fire department of Chico, "was required to, and did in the exercise of his duties as such fireman and for the purpose of extinguishing such fire, go upon said porch or awning," and while so upon such porch or awning, "because of and owing to the said unsafe, dangerous and unsubstantial condition of said porch or awning," the same fell to the sidewalk beneath it, precipitating plaintiff down to and upon" the sidewalk beneath, injuring him seriously, to his damage,

it is alleged, in the sum of twenty thousand dollars. There was an ordinance of the city of Chico, section 9 of which was as follows: "All awnings, porches, sheds or roofs in said fire district (the district including Van Vlack's property) shall be kept in a safe and substantial condition, and wherever the same or any part thereof shall become dilapidated or be in a dangerous or unsafe condition, so as to menace the safety of pedestrians passing on the sidewalks or firemen required to go thereon in case of fire, the same shall be put in a safe state of repair on five days' notice by the city marshal, and in case the owner or agent of said awning, porch, roof or shed refuses or neglects to so repair the same, it is hereby declared to be a nuisance and shall be abated or removed in the manner provided in section six of this article." Said section 6 authorizes and directs the marshal to himself abate a nuisance, after five days' notice to the owner, etc. During the whole of the year 1906, defendant White was the city marshal of said city, and the defendant United States Fidelity and Guaranty Company was the surety on his official bond as such marshal. "Notwithstanding said dangerous and unsafe condition of said porch or awning during said time, neither said owner, said Van Vlack, nor said Harry D. White, marshal of said city of Chico, because of their, and each of their negligence and failure to perform their duties in the premises, did anything whatever, neither gave nor served any notice, nor took, nor caused to be taken, any steps to repair, or cause the same to be repaired, or put in a safe or substantial state or condition, or removed or abated."

The complaint fails to state a cause of action against White, the city marshal, and, consequently, against the Fidelity and Guaranty Company, his surety. It is nowhere alleged therein that White had any notice or knowledge that the "porch or awning" was in such a condition "as to menace the safety of pedestrians passing on the sidewalk or firemen required to go thereon in case of fire," nor are any facts alleged from which it may be concluded that he should have had such knowledge. There is absolutely nothing to show that there was any patent defect therein, or, indeed, any defect that would have been discovered upon a reasonably careful inspection of the premises. We do not, however, think that the ordinance should be construed as making it the duty of the marshal to make an

inspection of all the structures mentioned with a view to ascertaining their condition in the respects mentioned. Certainly that duty is not in terms imposed by any provision of the ordinance, and we think that the utmost that can be claimed in regard thereto is that the marshal must give the notice required whenever he has notice of the dangerous or unsafe condition. Such notice might perhaps be inferred from the appearance of the structure in certain cases, but where there is nothing in the appearance of the structure to indicate that the same is in a dangerous or unsafe condition, and actual knowledge of such condition has not been acquired by the marshal in any other way, there is no liability on his part for failure to give the notice to the property owner or to other-wise proceed under the ordinance. It follows that knowledge or notice by the marshal of the defective condition must be alleged in order to state a cause of action against him. The case of *Doeg* v. *Cook,* 126 Cal. 213, [58 Pac. 707, 77 Pac. 171], is not opposed to this view. In that case the duty of maintaining a highway in good repair was expressly imposed upon the marshal and trustees, and they were directly charged with negligence in the performance of that duty.

As to defendant Van Vlack, the owner of the premises, the complaint is also without any allegation of notice or knowledge of any defect, or of facts from which such notice or knowledge must be inferred. The building is alleged to be a one-story building, and as we read the complaint, the "porch or awning" extended from the top thereof over the sidewalk below, and was nothing more than a covering designed simply to protect from the sun or weather and was obviously not intended for occupancy by human beings. Nothing to oppose this theory appears in the complaint, which must be taken here as stating plaintiff's case as strongly as it can be stated. The sum and substance of the charge made by the complaint in relation to the condition of the "porch or awning" is that it was not substantial enough to support the weight of a person going thereon. In the absence of some valid law expressly providing otherwise, there was, of course, no duty resting on the owner to make *such* a "porch or awning" substantial enough to support a human being. No person was invited or could reasonably be expected by him to go thereon. The whole effect of section 9 of the ordinance, as we construe it, is to require

the property-owner to put his awnings, porches, sheds, and roofs in such a condition as may be specifically required of him by the city authorities with a view to the proper protection of pedestrians and firemen, failing to do which his structures will become a nuisance, abatable in the manner provided in the ordinance. In other words, the section imposes no obligation upon him in the absence of the five days' notice specified therein, that does not exist independent of the ordinance.

It follows from what we have said that the complaint does not state facts showing a liability on the part of Van Vlack independent of the ordinance, and that the facts alleged are not sufficient to make him liable to plaintiff under the provisions of the ordinance. We have assumed without deciding the question that the ordinance is in all respects valid.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.