## 21637.  TODD v. ARMOUR & COMPANY.

JENKINS, P. J.  It seems to be the uniform and universal holding of all the courts that a member of a city fire department enters the premises of another in the exercise of his duty as a licensee, under permission given him by law (45 C. J. 794, § 200), and the decisions of the courts agree that the owner of the premises assumes no duty to the licensee except to refrain from acts of wilful and wanton negligence. See, in this connection, Woodruff v. Bowen, 136 Ind. 431 (34 N. E. 1113, 22 L. R. A. 198); Gibson v. Leonard, 143 Ill. 182 (32 N. E. 182, 17 L. R. A. 588, 36 Am. St. R. 376); Beehler v. Daniels, 18 R. I. 563, 29 Atl. 6, 2ꜧ L. R. A. 512, 49 Am. St. R. 790); Burroughs Adding Machine Co v. Fryar, 132 Tenn. 612 (179 S. W. 127, L. R. A. 1916-B, 791, 792); Lunt v. Post Printing & Publishing Co., 48 Colo. 316 (110 Pac. 203, 39 L. R. A. (N. S.) 60, 21 Ann. Cas. 492); Hamilton v. Minneapolis Desk Mfg. Co., 78 Minn. 3 (80 N. W. 693, 79 Am. St. R. 350); Litch v. White, 160 Cal. 497 (117 Pac. 515); Brennan v. Keene, 237 Mass. 556 (130 N. E. 82, 13 A. L. R. 629). It can not be said that the maintenance of an open staircase "well" on the premises, leading from the outside into the basement of the defendant's building, which was in no way concealed from

view except by the darkness of the night, constituted wilful and wanton negligence, in that it amounted to the setting of a man-trap, such as was the case with the spring-gun involved in the decision of this court in *Wilder* v. *Gardner*, 39 *Ga. App.* 608 (147 S. E. 911). The instant case differs from that of *Smith* v. *Seawright*, 33 *Ga. App.* 336 (126 S. E. 301), in that in the *Smith* case the duty owed to the plaintiff was not that of a mere licensee, and in that case the open excavation constituting the alleged negligence was situated in such close and dangerous proximity to the sidewalk as to subject one using it in the exercise of ordinary care to the danger of casually falling therein, whereas in the instant case the unprotected "well" containing the staircase leading down into the basement from the outside of the building was situated fifteen feet from the sidewalk and beyond the point where a person using the sidewalk would be subjected to any such danger.

The court did not err in sustaining the general demurrer.

*Judgment affirmed.* *Stephens and Bell, JJ., concur.*

DECIDED JANUARY 18, 1932.

*Ben C. Williford, Thomas L. Slappey,* for plaintiff.

*Anderson, Rountree, Crenshaw & Hansell, Jerome Jones Jr.,* for defendant.