22135. RAWLINS *v.* PICKREN *et al.*

BROYLES, C. J. 1. "As a general rule, the owner of private grounds is under no obligation to keep them in a safe condition for the benefit of trespassers, intruders, idlers, bare licensees, or others who come upon them, not by any invitation, express or implied, but for their own purposes, their pleasure, or to gratify their curiosity, however innocent or laudable their purpose may be." 1 Thompson on Negligence, § 946; *Jones* v. *Asa G. Candler Inc.*, 22 *Ga. App.* 717, 718 (97 S. E. 112). While the owner or occupier of private grounds is under the duty to exercise ordinary care in keeping the premises and approaches thereto safe for those persons who come upon the grounds by express or im-

plied invitation (Civil Code, § 4420), "he is under no such obligation towards those who elect to come upon his business premises, not for the purpose of doing such business with him as he invites the public to do, but for other purposes of their own. Such persons stand on the footing of trespassers or bare licensees, and, on a principle already considered, they take the premises as they find them; and if they are hurt in consequence of any defect in them, they can not recover damages." 1 Thompson on Negligence, § 987; *Jones* v. *Candler*, supra. See also *C. & W. C. Ry. Co.* v. *Johnson*, 1 *Ga. App.* 441, 443 (57 S. E. 1064); *Rome Furnace Co.* v. *Patterson*, 120 *Ga.* 521 (48 S. E. 166); *Lanier* v. *Bugg*, 32 *Ga. App.* 294 (123 S. E. 145); 45 C. J. 798, § 203. However, the owner or person in charge of private grounds owes to a licensee thereon a duty to refrain from wilfully or wantonly injuring him, or wantonly and recklessly exposing him to hidden perils, and a duty to exercise ordinary care to avoid injuring him after his presence on the premises is, or should be, discovered. 45 Corpus Juris, pp. 796, 797, § 201; *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161 (59 S. E. 442). The cases cited by the plaintiff are distinguished by their particular facts from the case at bar.

2. Applying the principles of the foregoing authorities to the facts of the instant case, the court, after the introduction of the evidence for the plaintiff, did not err in sustaining the motion of the defendants to award a nonsuit and in dismissing the case.

*Judgment affirmed. Jenkins, P. J., and Luke, J., concur.*

DECIDED MAY 10, 1932.

*D. E. Griffin, J. H. Milner,* for plaintiff.
*Brock, Sparks & Russell, A. Russell Ross,* for defendants.