36964. GRIFFIN *et al.*, Commissioners *v.* BASS *et al.*

DECIDED JANUARY 22, 1958.

*Adams & McDonald, Cravey & Pentecost, Zack D. Cravey, Jr.,* for plaintiffs in error.

*Houston White,* contra.

GARDNER, Presiding Judge. Counsel for the plaintiffs in oral argument admit that the question of estoppel has been determined correctly against the plaintiffs, so we will not deal with this point in this opinion. See *McCallum* v. *Almand,* 213 *Ga.* 701 (100 S. E. 2d 924), and cases cited therein.

As is pointed out by counsel for the defendants, it is elementary and a fundamental principle of law that a petition must be construed most strongly against the plaintiffs. See *Rome Furnace Co.* v. *Patterson,* 120 *Ga.* 521 (48 S. E. 166) ; *Babcock Bros. Lumber Co.* v. *Johnson,* 120 *Ga.* 1030 (48 S. E. 438) ; and *James* v. *Maddox,* 153 *Ga.* 208 (111 S. E. 731). See

also *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867).

It is also true that where any of several averments alleged in the alternative is insufficient, the entire pleading is rendered bad. See *Doyal* v. *Russell,* 183 *Ga.* 518, 534 (189 S. E. 32). However, in the instant case we find no pleading in the alternative and no pleading in the disjunctive. The petition set out two reasons why the court should decree that the plaintiffs are police officers, convict guards, or wardens within the meaning of the act. Such does not show pleadings in the alternative or disjunctive.

As to whether or not the plaintiffs are eligible as members of the Peace Officers' Annuity and Benefit Fund, we refer to the definition of peace officers found in Ga. L. 1950, p. 53 and Ga. L. 1956, p. 285, quoted hereinabove.

In construing a beneficent statute such as the one here considered, we must look to the general scheme and purpose of the legislation. See *Carroll* v. *Ragsdale,* 192 *Ga.* 118 (15 S. E. 2d 210); *Drost* v. *Robinson,* 194 *Ga.* 703, 708 (22 S. E. 2d 475). Funds such as involved here are set up to provide adjusted compensation for services rendered, and are not gratuitous. See *Cole* v. *Foster,* 207 *Ga.* 416, 420 (61 S. E. 2d 814). Such benefits aid in securing more efficient and desirable public employees, resulting in greatly enhanced public security and peace. This is the day and age when fringe benefits, such as sick benefits, retirement, etc., are extremely important to the working public, and many people take and hold onto jobs because of such benefits.

No one will deny that guarding convicts, or pursuing any peace officer's duty, is a more hazardous undertaking than most ordinary jobs. Now, as always, some force is necessary to guard the majority against the lawbreaking minority. Involuntary confinement necessitates guarding by police power. Historically, a warden is a guard or keeper, and as population increases, resulting in a more populous prisoner group, wardens and boards of corrections or similar high powers in the echelon of prison operations, necessarily delegate authority to guard prisoners, and by various names these guards are known in various jurisdictions, and, by whatever name designated, they are still guards. As in *Howell* v. *State,* 164 *Ga.* 204, 211 (138 S. E. 206) the head of the State Prison is referred to as "Superintendent" and "Warden".

His subordinates, on whom various duties devolve, are guards. In the instant case the plaintiffs and each of them guarded prisoners during the entire day's work. It is doubtful that prisoners would work without direction. Guards can and do direct and still hold a gun over prisoners. It is sound economics to have the prisoners do something. It is desirable from a standpoint of health for prisoners, and those outside the confines of prison, to have something to do, and while doing things, particularly outside the limits of prison walls, it is necessary for guarding restraint to be used. Even so, frequent attempts to obtain freedom are made, making guard duty a hazardous occupation.

The court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*