45807.   MacKENNA v. JORDAN et al.

BELL, Chief Judge. The defendant's motion for summary judgment was denied and then certtfied for direct appeal. It is undisputed that Daniel Fuchs contracted to purchase a new home from the defendant, the owner and builder. Fuchs and his family moved into the house on March 1, 1969, prior to the final closing of the sale. The home at the time was practically completed. A concrete floor had not been poured in the front porch "stoop."

On March 11, 1969, defendant had two of his employees present on these premises landscaping the yard and they were instructed by defendant to place "some stuff on the steps" in order to block entry to the steps which led up to the still unfinished porch. As it existed at the time, this front entry to the house included 12 steps with an iron hand-railing which led upward to the unfinished porch adjacent to the front door. The porch area was then nothing more than a hole at the top of the steps approximately 12 feet deep. The plaintiff husband, a community minister, was advised of the recent occupancy of this home by the Fuchs. In making a pastoral visit the minister entered the premises for the purpose of welcoming the Fuchs to the community and to extend to them an invitation to visit his church. The time of this visit was about 7:30 p.m., March 11, 1969. The front area of the house was in total darkness but a light was on in the interior. Plaintiff noticed at the bottom of the steps a bag of fertilizer which had been laid lengthwise on the first step but which did not block the way. He climbed the steps and fell into the hole at the top injuring himself. On March 21, 1969, the sales transaction was consummated by defendant's delivery of a deed to Fuchs. *Held:*

1. It is clear that defendant was the lawful owner of the property at the time of plaintiff's injuries. Defendant admits that he was obligated by the terms of his contract with Fuchs to complete the house which included the pouring of the concrete floor. As between the defendant and Fuchs the relationship of landlord and tenant did not exist. The defendant put Fuchs into possession of the premises under the contract of sale not as a tenant, but as a purchaser. Where a party enters upon land

under a contract of purchase, landlord and tenant relationship does not come into existence. *Brown v. Persons,* 48 Ga. 60, 62; *Griffith v. Collins,* 116 Ga. 420 (42 SE 743); *Griffeth v. Wilmore,* 46 Ga. App. 96 (166 SE 673). Absent this relationship the provisions of *Code* § 61-112 concerning the liability of a landlord to third persons cannot apply. The fact of occupation by the purchaser prior to the final closing cannot change the fact that the defendant was the legal owner of the property.

2. Here the plaintiff was not an invitee. See *Hall v. Capps,* 52 Ga. App. 150 (182 SE 625) and *Crossgrove v. Atlantic C. L. R. Co.,* 30 Ga. App. 462 (118 SE 694). Under the most favorable inferences to be drawn from the evidence, plaintiff's relation to the defendant was at most that of a licensee. Indeed, in a memorandum of law filed with the lower court, the defendant himself contended that plaintiff was a licensee. See *Code* § 105-402. The defendant, the owner of the house, permitted Fuchs, the purchaser of the incomplete house, to occupy it as his home with his family. From this fact an inference can be drawn that defendant impliedly permitted third persons to enter the premises to make welcoming visits. This implied permission would include the plaintiff minister. In the case of a licensee the owner must not wantonly and wilfully injure him. Since his presence as a result of his license is at all times probable, some care must be taken to anticipate his presence, and ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated. *Mandeville Mills v. Dale,* 2 Ga. App. 607 (58 SE 1060). To the licensee, as to the trespasser, no duty arises of keeping the usual condition of the premises up to any given standard of safety, except that they must not contain pitfalls, mantraps, and things of that type. *Mandeville Mills v. Dale,* 2 Ga. App. 607, supra. See *Central of Ga. R. Co. v. Ledbetter,* 46 Ga. App. 500 (168 SE 81) where an unlighted opening in a walkway from a dock to a ship provided for people to get on and off was held to be a mantrap.

From what has been said it is to be seen that there are issues for jury determination such as whether the defendant exercised the proper care in anticipating the plaintiff and whether the incom-

pleted porch constituted a hidden peril, mantrap or pitfall.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED JANUARY 4, 1971—DECIDED MAY 7, 1971—
REHEARING DENIED MAY 21, 1971.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Malcolm H. Ringel, Williston C. White,* for appellant.

*Weston D. Baxter,* for appellees.