## 54878. HATCHER v. CITY OF ALBANY.

MCMURRAY, Judge.

Hatcher rented a pavilion from the City of Albany as the location for a Christmas party. After the party he was removing various merchandise and equipment from the pavilion and loading it into vehicles outside. It was approximately 10:45 p.m. and having made several trips, he was aware that there were no lights on outside the pavilion. Hatcher, in carrying a box from the stoop after pushing open the door, slipped and fell off the last step, and in his own words, "I went topsy-turvy and the box went one way and I went the other."

Plaintiff brought this action against the City of Albany, as defendant, alleging that the aforementioned fall and resulting injuries were the proximate result of defendant's failure to properly maintain the premises which it held "open to the plaintiff for plaintiff's use and defendant's financial benefit." After the taking of plaintiff's deposition, defendant moved for summary judgment. The trial court granted defendant's motion, and plaintiff appeals, contending that there are genuine issues of material fact. *Held:*

The party opposing a motion for summary judgment is entitled to a liberal construction in his favor of the pleadings and evidence. *Central Soya Co. v. Bundrick,* 137 Ga. App. 63, 67 (1) (222 SE2d 852) and cits. The plaintiff alleged that, "the steps leading to the hall were unlighted and *unsafe* for normal use."(Emphasis supplied.) Liberally construed, the description "unsafe" is sufficient

to raise issues regarding a dangerous or defective condition of the steps, separate from the allegation that the steps were unlighted. No evidence having been produced which pierces this allegation of plaintiff's complaint, the court erred in granting defendant's motion for summary judgment. *Guthrie v. Monumental Properties, Inc.*, 141 Ga. App. 21-23 (2) (232 SE2d 369).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 1, 1977 — DECIDED JANUARY 9, 1978.

*Vansant & Engram, B. Sam Engram, Jr., Alfred N. Corriere,* for appellant.

*Perry, Walters, Lippitt & Custer, Jesse W. Walters,* for appellee.