### 58551. ABNEY v. LONDON IRON & METAL COMPANY INC. et al.

McMurray, Presiding Judge.

Jerry W. Abney was an Atlanta police officer who, while on night duty, received a radio message to respond to a burglar alarm call at a place of business, a scrap metal

yard. He arrived at the yard where he met a fellow police officer and a Wells Fargo guard ("a burglar alarm man"). The Wells Fargo man pointed out the building in the yard where the alarm ("an audible," "motion alarm . . .") had sounded. The two police officers proceeded on to the premises to check the building. They found a number of windows open at the rear of the building and decided to enter through an open window. They climbed down from the window ledge into the building onto some wooden pallets. The building was dark, and the officers were not using their flashlights for safety reasons. While Abney was standing on one of the pallets it broke and he fell into a sump hole containing water and battery acid. He was injured as a result of the fall into the sump hole.

Abney sued the owner of the premises for personal injuries. After discovery, defendants moved for summary judgment which was granted. Plaintiff appeals. *Held:*

1. We are concerned here with the following law with reference to damage suits:

(a) "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code § 105-401.

(b) "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience or gratification. The owner of such premises is liable to a licensee only for wilful or wanton injury." Code § 105-402.

(c) Where one is on the premises of another at the latter's request and for the sole benefit of the latter, he is an invitee to whom the latter owes the duty of extraordinary care to avoid injury to him. *Shepherd v. Whigham,* 111 Ga. App. 274(1) (141 SE2d 583); *Dean v. Gainesville Stone Co.,* 118 Ga. App. 142, 143(2) (162 SE2d 858); *LaBranche v. Johnson,* 127 Ga. App. 244, 245(2) (193 SE2d 228); *Chatham v. Larkins,* 134 Ga. App. 856, 858 (216 SE2d 677); *Harvill v. Swift & Co.,* 102 Ga. App. 543 (117 SE2d 202).

(d) It has been held that a fireman who enters the premises of another to extinguish a fire, his entry on the premises is based on the law and not an invitation of the owner or occupier even if the owner or occupier turns in the fire alarm. See *Todd v. Armour & Co.,* 44 Ga. App. 609 (162 SE 394); and *Baxley v. Williams Const. Co.,* 98 Ga. App. 662, 669 (106 SE2d 799).

(e) While there is no duty on the owners of property to licensees to keep their premises up to any given standards of safety, still the premises must not contain pitfalls, mantraps, and things of that kind. *Central of Ga. R. Co. v. Ledbetter,* 46 Ga. App. 500, 504 (168 SE 81); *Atlantic C. L. R. Co. v. O'Neal,* 180 Ga. 153, 155 (178 SE 451); *McCall v. McCallie,* 48 Ga. App. 99, 101(9) (171 SE 843); *Cook v. Southern R. Co.,* 53 Ga. App. 723, 726(3) (187 SE 274); *Cobb v. First Nat. Bank,* 58 Ga. App. 160, 164 (198 SE 111); *Leach v. Inman,* 63 Ga. App. 790, 792 (12 SE2d 103); *Greenfield v. Watson,* 54 Ga. App. 9 (187 SE 183).

(f) But even if the plaintiff were a licensee, if the owner of the property becomes aware, or should anticipate the presence of the licensee (in this instance the repeated burglaries and alarms going off and the killing of security guards, the employment of burglar alarm men or other security guards), a duty rests upon the owner to exercise ordinary care to avoid injuring a licensee. See *Banks v. Watts,* 75 Ga. App. 769, 773 (44 SE2d 510); *Petree v. Davison-Paxon-Stokes Co.,* 30 Ga. App. 490, 496 (118 SE 697).

(g) Where one enters the premises of another for purposes connected with the business of the owner conducted on the premises, he is an invitee and the owner of the premises is liable in damages to him for a failure to exercise ordinary care in keeping the premises safe. See *Coffer v. Bradshaw,* 46 Ga. App. 143 (6, 7) (167 SE 119); *Tybee Amusement Co. v. Odum,* 51 Ga. App. 1 (179 SE 415).

2. Defendants strongly contend that the cases of *Todd v. Armour & Co.,* 44 Ga. App. 609, supra, and *Baxley v. Williams Const. Co.,* 98 Ga. App. 662, supra, require the grant of summary judgment here in that the policeman, the plaintiff herein, should be treated summarily as a

member of a fire department who enters the premises in the performance of his duty as a licensee, and the owner of the premises assumes no duty to the licensee except to refrain from acts of wilful or wanton negligence. However, under our notice pleadings, discovery has disclosed certain facts that the building where the burglar alarm was located was under surveillance by a Wells Fargo security guard ("a burglar alarm man"). The record is silent as to whether he was an agent or an employee of the owner of the premises. The record is silent here as to whether he invited or directed the officers to enter the premises when they arrived there in response to the burglar alarm, the premises having been burglarized on other occasions in which security guards had been killed on the location. However, there was direct testimony that the Wells Fargo guard did direct the police officers to the building where the alarm had sounded. Accordingly, we do not believe the evidence here is sufficient to demand a finding that as a matter of law the plaintiff was a licensee rather than an invitee thereby showing there was no genuine issues as to any material fact and the defendants were entitled to a judgment as a matter of law in consideration of their motion for summary judgment. See *Parsons v. Sears, Roebuck & Co.,* 69 Ga. App. 11, 12 (24 SE2d 717); *Hull v. Massachusetts Mut. Life Ins. Co.,* 142 Ga. App. 269 (235 SE2d 601); *Hatcher v. City of Albany,* 144 Ga. App. 503 (241 SE2d 619).

3. But even conceding that plaintiff was a licensee rather than an invitee on the premises, an issue as to hidden peril or mantrap remains for jury determination by reason of the evidence before the trial court that a series of burglaries had occurred at this location, security guards had been killed; and thus an issue of fact remains for jury determination as to whether the open sump hole constituted a hidden peril, mantrap or a pitfall. See in this connection *MacKenna v. Jordan,* 123 Ga. App. 801, 802(2) (182 SE2d 550); *Hicks v. Seaboard C. L. R. Co.,* 123 Ga. App. 95 (179 SE2d 532); *Medi-Clean Services v. Hill,* 144 Ga. App. 389 (241 SE2d 290); *Davis v. Childers,* 134 Ga. App. 534 (215 SE2d 297); *Guthrie v. Monumental Properties, Inc.,* 141 Ga. App. 21 (232 SE2d 369).

*Judgment reversed. Banke and Underwood, JJ.,*

*concur.*

SUBMITTED SEPTEMBER 26, 1979 — DECIDED OCTOBER 25, 1979 — REHEARING DENIED NOVEMBER 8, 1979 —

*Norris C. Broome, Eugene W. Hope,* for appellant.
*Glenn Frick, Gary Hill,* for appellees.