## 35831. LONDON IRON & METAL COMPANY, INC. et al. v. ABNEY.

JORDAN, Presiding Justice.

We granted certiorari to review the Court of Appeals' decision in *Abney v. London Iron & Metal Co.,* 152 Ga. App. 238 (262 SE2d 505) (1979).

Jerry W. Abney, plaintiff below, filed a complaint against London Iron & Metal Company, Inc., and London Iron & Metal Company, based upon the following undisputed evidence: At 2:30 a.m., on May 28, 1976, and in the course of their official duty, the plaintiff and a fellow police officer entered the defendants' unlighted warehouse by means of a rear window which was at least 75 feet from the only doorway to the warehouse. The plaintiff stepped from the ledge of the rear window onto a wooden pallet. When the wooden pallet broke, the plaintiff fell into a pit 8-10 feet deep containing a mixture of water and battery acid, thereby incurring personal injuries. The warehouse was used only for storage and was off-limits to all persons except five employees of the defendants. On the night of the plaintiff's misfortune, the defendants' premises were under the surveillance of a Wells Fargo Security guard who pointed out to the two police officers ("it is that building . . . go in and I will stay with the cars") which of the three warehouses on the defendants' premises had been the source of the burglar alarm.

The defendants answered and filed a motion for summary judgment which the trial court granted. The Court of Appeals reviewed the evidence submitted by both parties and reversed the trial court's grant of summary judgment on two independent grounds.

1. As its first ground, the Court of Appeals concluded that the grant of summary judgment was in error because, under the duty of care which an owner of land owes to an invitee (Compare Code Ann. § 104-401 (invitee) with § 104-402 (licensee)), the evidence did not demand a holding that the defendants' were not liable to the plaintiff, *and because the evidence did not demand a holding that the express permission to enter onto the defendants' premises which the Wells Fargo guard*

*granted to the plaintiff did not constitute an invitation which, by law, confers on its recipient the status of invitee.*

Professor William L. Prosser states that express permission constitutes an invitation only if "circumstances . . . imply an assurance that the premises have been prepared and made safe for the particular visit." Prosser, Torts, § 60, p. 378 (4th Ed. 1971).

We note first that the single circumstance of plaintiff's being a police officer acting in the course of his official duty has been held traditionally not "to imply an assurance that the premises have been prepared and made safe for the particular visit" and thus not to sustain a finding of implied invitation. Cf. *Baxley v. Williams Const. Co.,* 98 Ga. App. 662, 669 (106 SE2d 799) (1958) ("[T]he right of a fireman to go upon premises to extinguish a fire is based on the *permission* of the law and not an *invitation* of the owner or occupier . . ."); Accord, *Todd v. Armour & Co.,* 44 Ga. App. 609 (162 SE 394) (1931).

We note, further, that the present express permission was granted to the plaintiff in the course of his responding to a burglar alarm at 2:30 a.m. and in regard to a storage warehouse which was off-limits to all persons except five employees of the defendants.

Accordingly, we hold that, as a matter of law, the undisputed circumstances surrounding the Wells Fargo guard's express permission did not "imply an assurance that the premises [had] been prepared and made safe for the particular visit." See *Baxley v. Williams Const. Co.,* 98 Ga. App. 662, 669, supra ("[T]he right of a fireman to go upon premises *to extinguish a fire* is based on . . . permission . . . not . . . invitation . . . *even if the owner or occupier turns in the alarm.*").

As support for this holding, we note the following comment by Professor Prosser: "[T]he one really valid basis for [classifying policemen as licensees as opposed to invitees] is . . . that . . . policemen are likely to enter at unforeseeable times, upon unusual parts of the premises, and under circumstances of emergency, where care in looking after the premises, and in preparation for the visit, cannot reasonably be looked for. A man who climbs

in through a basement window in search of a . . . thief cannot expect any assurance that he will not find a bulldog in the cellar." Id., at 397-398; Accord, *Baxley,* 98 Ga. App. at 669.

Thus, we hold that as a matter of law the Wells Fargo guard's express permission did not constitute an invitation, and that the plaintiff was therefore a licensee as a matter of law.

2. As the second ground for reversal of the trial court's grant of summary judgment on behalf of the defendant, the Court of Appeals held that even if the present plaintiff were a licensee as a matter of law, "an issue as to hidden peril or mantrap remains for jury determination . . ." We agree with this holding.

"As a general rule, the owner of a private grounds is under no obligation to keep them in a safe condition for the benefit of . . . bare licensees. . . . [B]are licensees . . . take the premises as they find them; and if they are hurt in consequence of any defect in them, they cannot recover damages . . . However, the owner . . . of private grounds owes to a licensee thereon a duty to refrain from . . . wantonly and recklessly exposing him to hidden perils . . ." *Rawlins v. Pickren,* 45 Ga. App. 261, 262 (164 SE 223) (1932).

While the duty of an owner of land to "refrain from . . . wantonly and recklessly exposing [a licensee] to hidden perils" was defined by earlier decisions from the Court of Appeals as merely the duty to refrain from presenting the appearance of safety where none existed (see *Todd,* 44 Ga. App. at 609-610), the definition presently adopted by that court is as follows: "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved . . ." *Patterson v. Thomas,* 118 Ga. App. 326, 328 (163 SE2d 331) (1968). We adopt the latter definition as the better view.

We conclude that the undisputed evidence in the present case fails to demonstrate, as a matter of law, that the defendants did not breach their duty "to refrain from . . . wantonly and recklessly exposing [the present plaintiff] to hidden perils." See *Mackenna v. Jordan,* 123 Ga. App. 801, 803 (182 SE2d 550) (1971); *Patterson,* supra, at 327-328.

*Judgment affirmed for the reason stated in Division 2. All the Justices concur, except Undercofler, C. J., who dissents to Division 1 and Bowles and Marshall, JJ., who dissent to Division 2.*

Argued February 12, 1980 — Decided
April 22, 1980 —
Rehearing denied May 7, 1980.

*Glenn Frick, Hamilton Lokey,* for appellants.
*Norris C. Broome, Eugene W. Hope,* for appellee.

Undercofler, Chief Justice, dissenting.
I dissent from Division 1. ". . . [F]iremen and policemen traditionally have been held to be mere licensees, entering under a privilege conferred by legal authority, . . . There always has been something of an aspect of absurdity about these decisions. . . The one really valid basis for the distinction must lie in the fact that firemen and policemen are likely to enter at unforeseeable times, upon unusual parts of the premises, and under circumstances of emergency, where care in looking after the premises, and in preparation for the visit, cannot reasonably be looked for. . . There is an easy solution, requiring the occupier to take precautions only where it is reasonable to expect him to do so. . . In 1960 the Supreme Court of Illinois carried this to its logical conclusion by throwing over the arbitrary rules as to firemen, and by inference as to policemen, holding that they are to be treated in all respects as invitees, and that any unforeseeability of harm to them goes only to the issue of reasonable care. Although this appears obviously reasonable, the Illinois decision met with no immediate enthusiasm on the part of other courts. Vermont,

however, has recently adopted the same position, and it may still possibly prevail." Prosser, Law of Torts, 4th Ed., p. 397. I would adopt the Illinois rule.