## 62852. COWART v. FIVE STAR MOBILE HOMES, INC.

QUILLIAN, Chief Judge.

Martha Cowart brings this appeal from the grant of defendant Five Star Mobile Homes' motion for summary judgment. This was an action for personal injuries sustained by Cowart arising from her fall from the steps of a mobile home on defendant's sales lot. Cowart was looking at several of the mobile homes in contemplation of purchasing one. She had previously been to defendant's sales lot to examine various mobile homes. Although defendant was open on the day of this incident, plaintiff was not accompanied by a salesperson and was alone when the fall occurred. She had entered this particular

mobile home through the usual two doors — the outer storm door and the inner screen door. As she was leaving she stepped on the top step of the four steps leading down to the ground and the outer storm door was blown shut by the wind. The door struck plaintiff and she fell to the ground breaking her leg. The weather was windy and cold, but the steps were dry and not icy. The storm door was standard equipment on all the mobile homes as they came from the factory. It was equipped with a chain to prevent it from being blown outward into the side of the mobile home, but it did not have any form of restraint to prevent it from being blown inward — toward the closed position.

In her complaint, plaintiff alleged defendant was negligent in failing to have a catch installed on the door of the mobile home to "hold the door open and keep it from being blown into and against" her. She further alleged that defendant was negligent "in using a temporary set of steps with no guard rail or hand rail and of substandard design." Defendant moved for and was granted summary judgment. Plaintiff appeals. *Held:*

In resolving this issue we must start with the accepted standard that issues of negligence and diligence, including related issues of assumption of risk, lack of ordinary care for one's safety or lack of ordinary care in failing to foresee a condition or defect which could cause injury to an invitee, are ordinarily not susceptible of summary adjudication — whether for or against a plaintiff or defendant, but must be resolved by trial in the ordinary manner. See *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178); *Southern Bell Tel. &c. Co. v. Scogin,* 136 Ga. App. 318 (221 SE2d 203). A trial court can conclude as a matter of law that a given set of facts do or do not show negligence on the part of a defendant or plaintiff "only where the evidence is plain, palpable and undisputable. [Cit.] 'Even where there is no dispute as to the facts, it is however, usually for the jury to say whether the conduct in question met the standard of the reasonable man.' [Cits.]" *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336). "Unless no other conclusion is permissible" such issues should be resolved by a jury. *Russell v. Goza,* 143 Ga. App. 455, 456 (238 SE2d 583); *Epps Air Service v. DeKalb County,* 147 Ga. App. 195 (1) (248 SE2d 300).

There is no dispute as to the salient facts in the instant case — only the interpretation as to what the facts represent. On summary judgment a movant has the burden and the opposing party is given the benefit of the pleadings, the evidence, and all reasonable doubts and favorable inferences which may be drawn therefrom. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 261, supra. " 'To entitle [any] defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential

element entitling plaintiff to recovery and *under every theory fairly drawn from the pleadings and evidence* (Cits.) and if necessary prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff.' " *Epps Air Service v. DeKalb County,* 147 Ga. App. 195 (1), supra.

The question here, as framed by the evidence and the complaint, is whether the defendant exposed the plaintiff to an unreasonable and foreseeable risk of harm. " 'Reasonable foresight does not require anticipation of exactly what will happen and perfect judgment of what is necessary to prevent injury. Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen is the key to the question of reasonableness." [Cit.] Negligence is predicated on "faulty or defective foresight rather than on hindsight which reveals a mistake." ' " *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 263, supra; *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237-238, supra. Proof of nothing more than a fall is insufficient to establish negligence on the part of a proprietor. *Alterman Foods v. Ligon,* 246 Ga. 620 (272 SE2d 327). " 'What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the [premises] safe as a good business man is in such matters accustomed to use.' " Id. 246 Ga. at 624. "The duty owed an invitee is one of ordinary care and whether this standard of care has been met is usually a question of fact for the jury except in plain and indisputable cases." *Jones v. Monroe Nursing Home,* 149 Ga. App. 582, 584 (254 SE2d 902); *Tanner v. Ayer,* 150 Ga. App. 709, 710 (258 SE2d 545).

Applying the foregoing principles, we find: (1) plaintiff pleaded "[d]efendant was negligent in using a temporary set of steps with no guard rail or hand rail and of substandard design." (2) liberally construed, these terms are sufficient to raise issues regarding a defective condition of the steps (*Hatcher v. City of Albany,* 144 Ga. App. 503 (241 SE2d 619)), and (3) although defendant had the burden of negating at least one element entitling plaintiff to recovery under every theory fairly drawn from the pleadings and evidence, defendant did not produce any evidence which pierced allegations in plaintiff's complaint regarding negligence because of absence of "guard rail or hand rail" or the claimed "substandard design" of the steps, as they related to plaintiff's fall and injury after being pushed from the steps by the unsecured, windblown door. "Since pleadings which have not been pierced create issues for jury resolution" (*Guthrie v. Monumental Properties,* 141 Ga. App. 21, 22 (232 SE2d 369)), the trial court erred in granting defendant's motion for summary judgment. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264, supra; *Otto v. Hendry,* 132 Ga. App. 598 (208 SE2d 611); *Hatcher*

*v. City of Albany,* 144 Ga. App. 503, supra; *Pippins v. Breman,* 152 Ga. App. 226, 228 (262 SE2d 477); *Raulerson v. Bland,* 153 Ga. App. 523 (265 SE2d 822); *Ellington v. Tolar Const. Co.,* 237 Ga. 235, supra. *Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 7, 1982 —
REHEARING DENIED FEBRUARY 16, 1982 — 

*Cliff Perkins,* for appellant.
*John F. Daugherty, Louis W. Rice III,* for appellee.