### 71257. POWELL v. WATSON et al.
(337 SE2d 403)

BANKE, Chief Judge.

The appellant, a City of Rome police officer, sued to recover for personal injuries he allegedly sustained as the result of a defect in a stairway leading to the back porch of a house owned by one of the appellees and occupied by the other. The accident occurred at night, while the appellant and another police officer were investigating a report of a prowler on the premises. As the appellant was descending the stairway, one of the steps "pulled out," causing him to fall to the ground. The appellant testified at his deposition that he returned to the scene to inspect the steps in the daylight two or three days later, at which time the remaining steps "looked fine" to him. He indicated that the defective step which had caused him to fall had not appeared to be loose or rotten, either.

The appellees filed separate motions for summary judgment, the tenant supporting her motion with an affidavit to the effect that she had been unaware of the existence of any dangerous condition on the premises, and landlord supporting his motion with an affidavit to the effect that although he had made visual inspections of the premises on at least a monthly basis prior to the accident, he had not observed any defect in the step. The trial court granted both motions, and this appeal followed. *Held*:

The parties are in agreement that, as a police officer acting in the course of his official duties, the appellant's legal status on the premises was that of a bare licensee. Accord *London Iron &c. Co. v. Abney*, 245 Ga. 759, 760 (267 SE2d 214) (1980). The duty owed by the owner of private grounds to a licensee is " 'to refrain from . . . wantonly and recklessly exposing [him] to hidden perils' . . ." Id. at 761, citing *Rawlins v. Pickren*, 45 Ga. App. 261, 262 (164 SE 223) (1932). See also *MacKenna v. Jordan*, 123 Ga. App. 801, 803 (182 SE2d 550)

(1971). The extent of this duty has also been characterized as follows: " 'A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved . . .' *Patterson v. Thomas*, 118 Ga. App. 326, 328 (163 SE2d 331) (1968). [Citing Restatement (2d), Torts, § 342, p. 210.]" *London Iron &c. Co. v. Abney*, supra at 761.

The appellees' assertion that they had been unaware of the defect in the step prior to the appellant's fall is uncontroverted; and it further appears without dispute that the defect was not observable upon inspection. Based on the above cited legal principles, it follows that the trial court did not err in granting the appellees' motions for summary judgment. The holding in *London Iron &c. Co. v. Abney*, supra, cannot be considered authority for a contrary conclusion. The policeman in that case fell through a wooden pallet which had been placed over a pit 8 to 10 feet deep containing battery acid — a classic example of a "mantrap." The creation of such a hazard is quite clearly distinguishable from the mere failure to discover a loose step leading to a back porch.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 25, 1985.

*Harvey C. Brown, Jr.*, for appellant.
*Frank H. Jones, Ronald C. Patton*, for appellees.