## 77829. D. J. POWERS COMPANY, INC. v. HENDRY.

(379 SE2d 1)

BANKE, Presiding Judge.

At issue in this appeal is whether a landlord's property manager, who is injured while on the landlord's premises for the purpose of exercising the landlord's right of inspection, may be considered an invitee of the tenant in a personal injury action brought against the tenant to recover for the latter's alleged negligence in allowing an unsafe condition to exist on the premises.

The appellee, Hendry, was employed as property manager for Corim, Inc., which had leased certain commercial premises to the appellant, D. J. Powers Company, Inc. (hereafter referred to as Powers). Two separate lease agreements were involved. The first pertained to a building which was already occupied by Powers at the time of Hendry's accident, while the second pertained to an adjacent building which was being remodeled by Corim for future occupancy by Powers.

Hendry's duties as Corim's property manager included inspecting and overseeing the remodeling project, and on the occasion in question he had just completed an inspection of certain painting work which was being performed in a hallway connecting the newly leased premises to the originally leased premises. A portion of this work was considered part of the remodeling of the newly leased premises, while the remainder was being performed by the landlord at Powers' request for an additional consideration. As Hendry was exiting through the originally leased premises, he stopped to take a drink at a water cooler which evidently belonged to the landlord since it had been

present in the building at the time Powers moved in. Hendry had frequently drunk from this cooler before, but on the occasion in question its power cord was lying beside and in front of the appliance rather than in its usual position behind it. As Hendry turned to leave, one of his legs became caught in the cord, causing him to fall. He filed the present action against Powers to recover for his resulting injuries, and the case is currently before us pursuant to our grant of Powers' application for an interlocutory appeal from the denial of its motion for summary judgment. *Held*:

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. Encompassed by this duty to exercise reasonable care in keeping the premises and approaches safe for invitees is "a duty to inspect the premises to discover possible dangerous conditions of which [the occupier] does not know. . . ." *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737) (1984).

It has been held that " '[t]he determining question as to whether a visitor is an invitee by implication . . . is whether or not the owner or occupant of the premises will receive some benefit, real or supposed, or has some interest in the purpose of the visit.' " *Etheridge Motors v. Haynie*, 103 Ga. App. 676, 680 (120 SE2d 317) (1961), citing *Anderson v. Cooper*, 214 Ga. 164, 169 (104 SE2d 90) (1958). However, the application of this test quite obviously presupposes that the visitor is on the premises by the consent or permission of the owner or occupant in the first place. In the case before us, it is undisputed that the injured plaintiff (Hendry) was on the premises not by the express or implied permission of the tenant (Powers) but as a matter of right, in his capacity as property manager for the landlord. Under such circumstances, we hold that he cannot reasonably be considered an invitee with respect to Powers, with the result that Powers owed him no duty to use reasonable care to keep the premises and approaches safe, and thus owed him no duty to inspect the premises to discover dangerous conditions of which it did not yet have actual knowledge.

Of course, regardless of Hendry's status on the premises, Powers was under no duty to protect him from patent or obvious dangers which he could have easily observed and avoided on his own. See, e.g., *Harris v. Bethel Air Cond. &c. Co.*, 114 Ga. App. 255 (150 SE2d 710) (1966). It follows that Powers can be held liable to Hendry only if it can be considered to have been wilfully or wantonly negligent in allowing a "mantrap" to exist on the premises — i.e., a hidden danger or condition about which it had actual knowledge but Hendry did not. Cf. *Abney v. London Iron &c. Co.*, 152 Ga. App. 238, 240 (e) (262

SE2d 505) (1979), aff'd 245 Ga. 759 (267 SE2d 214) (1980). There is neither any allegation nor any evidence in this case which would suggest that Hendry's injury resulted from such negligence. Accordingly, we conclude that the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 24, 1989 —
REHEARING DENIED FEBRUARY 14, 1989 —

*Willis J. Richardson, Jr.,* for appellant.
*Charles R. Ashman, James B. Ashby,* for appellee.