A90A0744. THOMSON v. SEARS ROEBUCK & COMPANY, INC.
(397 SE2d 151)

BIRDSONG, Judge.

Thomson appeals from the grant of summary judgment to Sears Roebuck on her claim for damages she incurred when she stubbed her toe on a wooden pallet. *Held*:

Thomson alleges that summary judgment was erroneously granted because the trial court misapplied the law applicable to premises liability claims arising from dangerous transitory conditions. The record shows that Sears' motion for summary judgment was supported by Thomson's deposition testimony that she was leaving the store after making a purchase when she saw a wooden pallet partially blocking the aisle about twenty feet away. Thomson testified that the pallet was obvious, in clear view, with nothing hiding it. She testified that the pallet appeared to be four feet by four feet on the sides and about four or five inches high. She also testified that about the time she reached the pallet other people were passing from the opposite direction, and she attempted to move over and squeeze by the pallet.

When she picked up her foot and moved it to make the next step, her foot hit the pallet and she stubbed her toe on the edge of the pallet. Thomson testified that she thought she had picked up her foot enough to miss the pallet, but she did not. Thomson also testified

that she did not fall and she left the store without complaining to anyone.

Thomson argues that the trial court should not have granted summary judgment because Sears knew the pallet was there and created an unnecessary risk for her by placing the pallet where it would partially block the aisle. We disagree.

"An invitee must also exercise ordinary care for [her] own safety." *Chisholm v. Fulton Supply Co.*, 184 Ga. App. 378, 379 (361 SE2d 540). Sears was under no obligation to protect Thomson from patent and obvious dangers she could see and could avoid on her own. *D. J. Powers Co. v. Hendry*, 190 Ga. App. 297, 298 (379 SE2d 1). In this case Thomson saw the pallet from a great distance away, knew that it would be difficult to pass the pallet with people coming from the other direction, and yet decided to squeeze past it rather than wait until she could simply walk past. Her own deposition testimony reveals that the reason she hit the pallet was that she did not pick her foot up enough. She is not entitled to recover on this claim. *Tuck v. Marriott Corp.*, 187 Ga. App. 567, 568 (370 SE2d 795). See *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327).

Because of the patent and unexplained inconsistencies between Thomson's deposition and her affidavit submitted in response to Sears' motion for summary judgment, the trial court properly construed her affidavit against her. *Gentile v. Miller &c., Inc.*, 257 Ga. 583 (361 SE2d 383); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680). Accordingly, Thomson's enumerations of error are without merit and the trial court did not err by granting Sears' motion for summary judgment. OCGA § 9-11-56; *Soto v. Roswell Townhomes*, 183 Ga. App. 286, 288 (358 SE2d 670).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 5, 1990.

*Joseph A. Maccione*, for appellant.
*James C. Carr*, for appellee.