73573. INGRAM et al. v. PEACHTREE SOUTH, LTD.
(355 SE2d 717)

BEASLEY, Judge.

Plaintiffs appeal from the grant of defendant's motion for summary judgment. The genesis of this appeal was a fire that occurred on defendant's premises, then 175-177 Peachtree Street, in the late afternoon of July 15, 1981. Two of the four plaintiffs were firemen who were injured while fighting the blaze. They sought damages for the injuries they received, pain and suffering, medical expenses, loss of wages and permanent disability and impairments. The other two were the firemen's wives, who sought damages for loss of consortium.

The two firemen, and another who was killed but is not involved in this appeal, responded to an alarm around 6:00 p.m. They entered the building and, on information as to location of the flame, walked upstairs to the third floor where they found a small trash fire. They went to a window and requested a booster hose to extinguish the then manageable flame. Before any action was taken the fire erupted into an inferno. Unable to escape, the firemen fell or jumped to the street below and suffered injuries.

Later investigation revealed the fire was caused by a vagrant who had used gasoline and wood pieces to fuel the flame. He was apprehended and convicted of arson.

After answering, defendant moved for summary judgment. There was extensive discovery, a large portion of which centered on the building's condition and the knowledge of the respective parties. Plaintiffs adduced proof that the building had been vacant for several years, was poorly maintained, outside doors had been removed, windows were broken and the building had become a habitat for street people. There had been a small fire in the building some time prior to the July 15 fire. An earlier occupant had stored flammable materials on the premises, which had wooden floors. Defendant countered with

testimony that the building had been maintained as required by the city code and fire inspectors; that, in any case, the plaintiffs as firemen had equal knowledge as to the condition of the building, a former fire and as to the prior storage of flammable materials on the premises.

After a hearing, the trial court ruled that the plaintiffs, as firemen, were owed a duty as licensees by the defendant. Finding the proof established no breach of that duty, the trial court entered judgment for defendant.

Plaintiffs argue that the trial court erred in casting firemen as licensees as a matter of law. They especially urge that firemen do not fit the definition of licensees as set forth in OCGA § 51-3-2, particularly (a) (3). Further, they contend the firemen's rule is antiquated and should be abolished.

Georgia has adopted the position that a fireman's status as to the landowner whose property he comes upon in order to fight a fire is that of a licensee. *Todd v. Armour & Co.*, 44 Ga. App. 609(162 SE 394) (1931); *Baxley v. Williams Constr. Co.*, 98 Ga. App. 662, 669 (106 SE2d 799) (1958); *Abney v. London Iron &c. Co.*, 152 Ga. App. 238 (262 SE2d 505) (1979), affirmed by *London Iron &c. Co. v. Abney*, 245 Ga. 759, 760 (267 SE2d 214) (1980).

In view of the statutory language defining a licensee, it would perhaps be more appropriate to state, as does the Restatement of the Law of Torts (2nd ed.), § 345, p. 228, that firemen are *sui generis* but treated "on the same footing as licensees."

In some jurisdictions firemen have been accorded the status of invitees. See *Dini v. Naiditch*, 20 Ill.2d 406 (170 NE2d 881) (1960). But this trend announced in Prosser, Torts (4th ed.), p. 398, has apparently almost extinguished itself, see Prosser and Keeton, Torts, (5th ed.), p. 432. *Dini*, predicted to be the wave of the future, has been severely limited by a rule which may be described as virtually universal. See *Washington v. Atlantic Richfield Co.*, 66 Ill.2d 103 (361 NE2d 282) (1977). Basically, the principle is that while a fireman may recover for negligence independent of the fire, a landowner is not liable for negligence in causing the fire. As an oft-cited case holds, one "cannot complain of negligence in the creation of the very occasion for his engagement." *Krauth v. Geller*, 31 NJ 270, 274 (157 A2d 129, 131) (1960). This has been extended to acts causing the fire which may be described as wilful and wanton. *Hubbard v. Boelt*, 28 Cal3d 480 (620 P2d 156, 158) (1980). *BART v. Superior Court*, 113 Cal. App. 3d 1018 (170 Cal. Rptr. 390, 391) (1980).

Under this authority the status of invitee or licensee, if pertinent at all, only comes into play in determining what duty is owed the fireman with regard to events extrinsic to the fire's inception.

Although the Georgia cases have not formally adopted this rule,

the clear tenor of the cases is its recognition. Our cases have dealt with defective conditions on or near the scene of the fire. It appears accepted that the cause of the fire itself is not relevant, the emphasis being upon whether the landowner kept the premises up to the standard of care owed to a licensee. If there was no breach of that duty there was no liability to a fireman.

"The owner or occupier of premises may not wilfully or wantonly injure a licensee. 'Since his presence as a result of his license is at all times probable, some care must be taken to anticipate his presence, and ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated.' " *Whittle v. Johnston*, 124 Ga. App. 785, 788 (186 SE2d 129) (1971).

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved." *Patterson v. Thomas*, 118 Ga. App. 326, 328 (163 SE2d 331) (1968). Accord *Haag v. Stone*, 127 Ga. App. 235, 236 (193 SE2d 62) (1972).

" 'An owner owes to a licensee no duty as to the condition of the premises . . . save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm.' *Atlantic C.L.R. Co. v. O'Neal*, 180 Ga. 153, 156 (178 SE 451). This is the obligation not to lay for him or permit to exist pitfalls or mantraps in which it may be reasonably anticipated he will become ensnared. *Bohn v. Beasley*, 51 Ga. App. 341 (180 SE 656). 'Where the injury for which a recovery is sought is caused by the dangerous statical condition of the premises, the injury to the licensee has to be occasioned by wilful and wanton negligence.' " *Higginbotham v. Winborn*, 135 Ga. App. 753, 756 (218 SE2d 917) (1975).

"Here, the burden was on the defendants in their motion for summary judgment to affirmatively negative the claim of the plaintiffs and show they are not entitled to recover under any theory of the case and to accomplish this by evidence which demands a finding to that effect." *Barry v. Cantrell*, 150 Ga. App. 439, 441 (258 SE2d 61) (1979).

In the present case there was ample evidence as to defendant's negligence, and perhaps as to wilful and wanton acts, leading to the fire. But those acts or failures to act are not actionable. Apart from the fire itself, there is nothing to constitute wilful and wanton misconduct. Plaintiffs' injuries resulted not from any pitfall but from the

fire's sudden intensity. As to the cause for the acceleration of the blaze, plaintiffs show that defendant knew of a prior source of flammables on the property. However, as firemen plaintiffs likewise had that knowledge. *Patterson,* supra at 328, requirement (c). Assuming defendant had a duty to anticipate the presence of plaintiffs on its land, the parties had equal knowledge of any pitfalls (wood floors, combustibles, lack of ready exit save the stairway, etc.). In fact, since defendant's agents were not at the scene and there is nothing to substantiate that plaintiffs' injuries resulted from any unknown or hidden danger, plaintiffs had at the least equal and perhaps more knowledge of the condition of the premises than defendant.

On the record here, defendant carried its burden of showing no breach of its duty to plaintiffs after their presence was known or reasonably should have been anticipated. See *Evans v. Parker,* 172 Ga. App. 416, 417 (1) (323 SE2d 276) (1984).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 12, 1987 —
REHEARING DENIED MARCH 30, 1987 —

*Roy E. Barnes, Jerry A. Landers, Jr.,* for appellants.
*J. Kenneth Moorman,* for appellee.