S98A0918. COLUMBUS, GEORGIA, CONSOLIDATED GOVERNMENT v. SCHMIDT et al.

(507 SE2d 435)

FLETCHER, Presiding Justice.

The issue in this appeal is whether a Columbus ordinance that provides for educational incentive pay applies to employees who acquired their educational degrees prior to the ordinance's effective date. The trial court adopted a "common sense interpretation" of the ordinance and held that its effective date applied solely to the employees' eligibility for the incentive pay and not to the date that they attained their educational degrees. Applying the ordinary rules of statutory construction, we hold that the plain language of the ordinance applies only to existing employees who attain a baccalaureate's or master's degree after July 1, 1996, the ordinance's effective date. Therefore, we reverse.

Ordinance Number 96-79 provides for educational incentive pay for new and existing employees. Section two of the ordinance states:

> Effective July 1, 1996, existing employees in the EMS Department, Fire Department, Marshal's Department, Muscogee County Prison, Police Department and Sheriff's Department shall progress to the next Pay Grade, same step, upon the attainment of a baccalaureate degree or a master's degree effective the next pay period following the verification of any such degree.

Public safety employees in Columbus brought this petition for mandamus seeking to apply the incentive pay to educational degrees attained prior to the ordinance's effective date. The trial court ordered the city to award pay increases to all public safety employees who attained degrees prior to July 1, 1996, except any person who had already received additional compensation for attaining a baccalaureate degree under a prior ordinance or resolution.

In construing statutes, courts should follow the plain meaning of

the statutory language.[1] The Columbus ordinance states that effective July 1, 1996, existing employees shall progress to the next pay grade "upon the attainment" of a degree. The preposition "upon" means "on the occasion of: at the time of."[2] The verb "attain" means to "gain, achieve, accomplish" or "to come into possession."[3] Based on these definitions, we interpret the critical term "upon the attainment" to mean on the occasion of the employee gaining a degree.

Although the employees argue that the ordinance should apply to degrees obtained prior to July 1, 1996, nothing in the ordinance's language supports their interpretation. Since the ordinance fails to state that it shall apply to degrees attained prior to its effective date and laws generally apply prospectively,[4] we conclude that the Columbus consolidated government intended for the incentive pay to apply only to employees who attained their degree after the ordinance's effective date. Therefore, we hold that all existing public safety employees in Columbus who gain a baccalaureate's or master's degree after July 1, 1996, are entitled to progress to the next pay grade under section two of Ordinance 96-79, with the pay raise to take effect the next pay period after the governing authority has verified the degree.

*Judgment reversed. Benham, C. J., Fletcher, P. J., Hunstein, Carley, Thompson, Hines, JJ., and Judge Kristina Cook Connelly concur; Sears, J., is disqualified.*

DECIDED SEPTEMBER 14, 1998.

*Eugene H. Polleys, Jr., Alston & Bird, G. Conley Ingram,* for appellant.
*William J. Mason,* for appellees.

---

[1] *Miller v. Georgia Ports Authority*, 266 Ga. 586, 587 (470 SE2d 426) (1996).
[2] Webster's Third New International Dictionary 2518 (1961).
[3] Id. at 140.
[4] See *Wausau Insurance Co. v. McLeroy*, 266 Ga. 794 (471 SE2d 504) (1996).