A98A0845. GAITHER et al. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.
(510 SE2d 342)

BEASLEY, Judge.

Georgia State University Police Officer Gaither and his wife appeal from the grant of summary judgment to Metropolitan Atlanta Rapid Transit Authority (MARTA) and its bus driver Parker. Their negligence suit was based on the officer's being struck by the bus while he was directing traffic on Gilmer Street in the environs of the

university.

In a previous decision, this Court held that the fireman's rule applied to police officers and precluded recovery for negligence from co-defendant Martin, driver of the car being directed by Gaither at the time he was struck.[1] Upon remand, MARTA and its driver sought and won summary judgment based on *Martin.*

As pointed out in *Martin*, Martin had stopped in the curb lane on the street adjacent to a "No Stopping or Standing" sign in an attempt to enter a parking lot. Gaither walked in front of her car into the street, stood on the white line dividing the lanes facing Martin with his back to traffic in the inner lane, and told her to move on. As she began to pull away, "Gaither straightened up and was struck by a MARTA bus that had changed lanes in an attempt to go around Martin. The bus [mirror struck the top right side of Gaither's head and knocked him] into the back of Martin's car, causing him injury. . . . He and his wife allege that Martin negligently operated her vehicle, creating a traffic hazard. This, it is alleged, in concert with the negligence of the bus driver, caused the injury-producing collision of Gaither first with the bus and then with Martin's car."[2]

"[T]he fireman's rule has been viewed as adopted in Georgia, broadly construed to cover tortfeasors other than those whose acts prompted the presence of the fireman at the place of injury, narrowly construed to exclude subsequent or extrinsic acts of negligence other than the initial reason for the fireman's professional presence, and . . . , broadly construed to apply to 'public safety employee(s)' including police officers."[3]

This case presents the question whether the fireman's rule applies to the subsequent negligent acts of a party other than the party whose initial negligence occasioned the engagement of the police officer in the place where he was injured.

The fireman's rule does not apply because officer Gaither was in the street not because of any negligence of bus driver Parker but because of the separate and earlier alleged negligence of student Martin. Martin did not owe Gaither a duty to exercise care so as not to prompt the fulfillment of his official duty to the public, the breach of which would make her potentially liable if proximate cause were shown. Of course, she did owe a duty to the public to obey the traffic laws and the officer's instructions. Parker owed Gaither a duty to drive the bus non-negligently so as not to injure him.

Plaintiff Gaither alleges that Parker and MARTA are liable because Parker, while acting within the course and scope of his

---

[1] *Martin v. Gaither*, 219 Ga. App. 646 (466 SE2d 621) (1995).

[2] Id. at 647.

[3] Id. at 650.

employment and in furtherance of the business of MARTA, negligently operated the bus. In particular, plaintiff alleges that Parker failed to keep a proper lookout, failed to exercise reasonable care for the officer's safety, had the last clear chance of avoiding injury to the officer, and may have been driving too fast for conditions.

Neither the presence of the bus nor any act or omission on Parker's part required or prompted Gaither to be out in the street fulfilling his duty to direct traffic at the given location. Thus, the basis for the application of the fireman's rule is missing. As established in *Bycom Corp. v. White*,[4] "it is a public policy of the State of Georgia that a public safety employee cannot recover for injuries caused by the very negligence that initially required his presence in an official capacity and subjected the public safety employee to harm; that public policy precludes recovery against an individual whose negligence created a need for the presence of the public safety employee at the scene in his professional capacity."

There are underlying reasons for this. First is that it is the nature of the job undertaken for the employee to be subjected to risks of injury created by people he or she is called upon to serve. By accepting that job the employee assumes a general or primary risk of injury, unlike the specific or secondary assumption of the risk which constitutes an affirmative defense to a tort action brought by one who " '(1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks.' "[5] The justification for imposing this general or primary risk is that the employee is paid to encounter it and trained to cope with it.[6]

Second, it would be too burdensome to charge all who negligently cause a need for police services with the injury "suffered by the expert retained with the public funds to deal with those inevitable, although negligently created, occurrences."[7] So it is public policy not

---

[4] 187 Ga. App. 759, 762 (1) (371 SE2d 233) (1988).

[5] *McEachern v. Muldovan*, 234 Ga. App. 152, 154 (1) (505 SE2d 495) (1998). As stated by Judge Johnson, there is no evidence that Gaither assumed the risk of injury by the MARTA bus when he stepped out in the street and remained there to instruct Martin. It is not as though he saw the bus coming and stepped out into the street anyway.

[6] *Bycom Corp.*, supra at 761.

[7] *Bycom Corp.*, supra at 761, quoting *Krauth v. Geller*, 31 N. J. 270 (157 A2d 129, 130-131) (1960). The two rationales adopted in Georgia from decisions in other states were recognized in *White v. Edmond*, 971 F2d 681, 684-685 (11th Cir. 1992). The court-approved application of the fireman's rule in that case is questionable, however, because the defendant was a car manufacturer whose auto exploded after the firemen arrived at the scene and during the residential fire; it was not caused by the exploding auto. The manufacturer was charged with negligent manufacture, inspection and distribution, i.e., extrinsic (albeit precedent rather than subsequent) negligence to whatever initially caused the fire and the firefighter's response. The fireman's rule may or may not have applied to the owners of the residence;

to impose a duty "to exercise care so as not to require the services for which [the public service employee] is trained and paid."[8]

Neither bus driver Parker nor his employer MARTA, who may be liable by virtue of respondeat superior, instigated the need for police services. Unlike Martin,[9] nothing Parker did or failed to do caused Gaither to step out into the street. He was already there when Parker's alleged negligence took place.[10] In that way the circumstances were no different than if the bus had struck Gaither when he was directing traffic while standing in the intersection of a busy street. He would have been at that intersection not in response to any act or omission on Parker's part but because he was assigned the duty of directing traffic there.

Parker and MARTA are in the position described in *Martin* when we wrote that the fireman's rule does not include "subsequent or extrinsic acts of negligence other than the initial reason for the [professional's] presence."[11] It is precisely the position referred to by the court in *Bycom Corp.*[12] when it pointed out that " '[t]he relevant inquiry is whether the negligently caused risk which resulted in the . . . injury was the very reason for [the employee's] presence on the scene in [a] professional capacity. If the answer is yes, then recovery is barred; if no, recovery may be had.' [Cit.]" Notable is that the defendant to whom the fireman's rule applied in *Bycom Corp.* was not even on the premises of the fire, had no owner or occupier interest in it, and was charged with creating a risk of fire and explosion by rupturing a gas pipe and then leaving the area. The same inquiry was made in *Wilbanks v. Echols*,[13] and it was determined that the plaintiff's injuries were caused by events extrinsic to the fire's inception, so the fireman's rule did not apply.

The reason the fireman's rule did not apply in *McClelland v. Riffle*[14] was because the defendant's injury-causing acts constituted wilful and wanton misconduct, which are not excepted from liability by the rule. A firefighter's or police officer's job does not include assuming the general risk of harm from a person's wilful and wanton or malicious conduct. The court in *McClelland* honored that.

*Judgment reversed. Pope, P. J., Johnson, P. J., Ruffin, J., and*

---

they were dismissed by consent order and the opinion does not reveal whether they were originally charged with negligence.

[8] *Krauth v. Geller*, supra, quoted with approval in *Bycom Corp.*, supra at 761.

[9] See *Martin v. Gaither*, supra, 219 Ga. App. at 651.

[10] The evidence is undisputed that Martin's and Parker's separate acts of negligence were sequential, as described in *Martin*, supra at 647.

[11] *Martin*, supra at 650.

[12] *Bycom*, supra at 762, quoting from *Pottebaum v. Hinds*, 347 NW2d 62, 65 (Iowa 1984).

[13] 209 Ga. App. 210, 211 (433 SE2d 134) (1993) (non-precedential).

[14] 970 FSupp. 1053 (S.D. Ga. 1997).

*Senior Appellate Judge Harold R. Banke concur. Andrews, C. J., and Smith, J., concur in judgment only.*

DECIDED DECEMBER 4, 1998.

*Joe A. Weeks*, for appellants.
*Appelbaum & LaRoss, Eve A. Appelbaum, Evan R. Mermelstein*, for appellees.