A05A1267. LEWIS et al. v. CHAMPION.
(621 SE2d 481)

BARNES, Judge.

Donald Champion, a police officer, sued Derek Lewis, JHTG Foods, Inc., d/b/a Dairy Queen & Brazier of Fitzgerald, and Bennett's Fire Protection Systems, Inc. for injuries he sustained while helping Lewis lift a heavy steel grill. The defendants answered, and after completing discovery, moved for summary judgment, relying on the Fireman's Rule. The trial court denied the motions but certified its order for immediate review, and this court granted the defendants' application for interlocutory appeal. Having now had the opportunity to review the entire record, we affirm the trial court's denial of summary judgment because genuine issues of material fact remain for a jury's determination.

"A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. [Cits.]" (Punctuation omitted.) *Taylor v. Gelfand*, 233 Ga. App. 835, 836 (505 SE2d 222) (1998).

Viewed in this light, the evidence shows that Champion, a night patrolman with the Fitzgerald Police Department, was dispatched to a Dairy Queen to render assistance of an unknown kind to the fire marshal. Champion arrived at the restaurant and asked Lewis, who was at the back door, for the fire marshal. Champion testified in his deposition that Lewis responded, "I'm Derek, the fire marshal you come [sic] to see." Once inside, Lewis said he worked for Bennett's Fire Protection Systems as well as being a fire marshal, and that he

needed help lifting a steel grill he had knocked off its stand while cleaning the hood. Champion said he realized that Lewis was working at the restaurant in his capacity as a Bennett's employee and not as a fire marshal.

Champion agreed to help Lewis place the grill back on its stand but it was too heavy for the two of them so Champion called another police officer for additional help. Champion and the other officer held opposite sides of the front corners of the grill, and Lewis held the back side. Champion slid the fingers on his right hand through a slot in the front left side of the grill and held onto a groove with his left hand. After the three men lifted the grill and set it on the stand, following Lewis's direction, the back end suddenly dropped and the grill slid off the stand. Champion was the last man holding the grill, which sliced through the index and middle fingers on his right hand, severing tendons which then retracted into his palm. He drove himself to the emergency room, and underwent two subsequent surgical procedures to reattach the tendons.

In an affidavit, Champion's police chief stated that helping to lift a restaurant grill was outside the scope of a police officer's law enforcement duties. The officer had discretion in deciding whether to give aid on a matter outside the scope of his duties, and if he did choose to give aid, he was not acting within the scope of his duties.

1. The three defendants argue that the trial court erred in denying their motion for summary judgment because the Fireman's Rule prevents Champion from recovering for this injury. The Fireman's Rule provides that a public safety officer may not recover for the negligence that caused the situation to which he responded, although he may recover for negligence independent of that initial negligence. *Martin v. Gaither*, 219 Ga. App. 646, 647 (466 SE2d 621) (1995); *Bycom Corp. v. White*, 187 Ga. App. 759, 760 (1) (371 SE2d 233) (1988).

In other words, while Champion is barred from recovering for injuries caused by the negligence that initially required his presence in an official capacity and subjected him to harm, he may recover for subsequent or extrinsic acts of negligence other than that which occasioned his professional presence in the first place.

"The relevant inquiry is whether the negligently created risk which resulted in the fireman's or policeman's injury was the very reason for his presence on the scene in his professional capacity. If the answer is yes, then recovery is barred; if no, recovery may be had. [Cit.]" (Punctuation omitted.) *Bycom Corp.*, supra, 187 Ga. App. at 762 (1). For example, a fireman who fell into a concealed pit while fighting a fire was not barred from recovering from the negligent landowner for the injuries he sustained in the fall. *Wilbanks v. Echols*, 209 Ga. App. 210, 211 (433 SE2d 134) (1993) (physical precedent

only). Compare the differing results in *Martin v. Gaither*, supra, 219 Ga. App. 646, and *Gaither v. MARTA*, 235 Ga. App. 603 (510 SE2d 342) (1998), which involve the same set of facts but different defendants. A police officer stepped into the street to direct Martin to move on, and a bus drove around Martin's stopped car and struck the officer. We granted summary judgment to Martin, reasoning that the officer was in the street as a result of Martin's action in stopping her car, but reversed the grant of summary judgment to MARTA because the bus driver did not instigate the need for police services, and his negligence in striking the officer was unrelated to Martin's negligence that made the officer step into the street. Id. at 606.

In this case, Champion was dispatched to the restaurant to assist a fire marshal. He testified that Lewis told him when he arrived that he was the fire marshal and needed help. While the defendants argue that Champion told a detective at the emergency room that he assumed Lewis was the fire marshal but never asked him outright, whether Lewis actively presented himself at the scene as the marshal or not is irrelevant to our inquiry. Champion was dispatched to assist a fire marshal. A request for assistance from a fire marshal was the occasion for his presence at the restaurant. He was not sent there to help Lewis pick up the grill, but to help the fire marshal. What Champion undertook to do after he arrived is not related to the reason for his presence on the scene, and his injury was due to subsequent or extrinsic acts of negligence other than that which occasioned his professional presence in the first place. Cf. *Ingram v. Peachtree South, Ltd.*, 182 Ga. App. 367, 369-370 (355 SE2d 717) (1987) (Fireman's Rule barred fireman's recovery for injuries from fire's flare caused by flammable material). Thus the trial court did not err in denying the defendants' motions for summary judgment based on the Fireman's Rule.

2. Lewis and Bennett's Fire Protection Systems also argue that they are entitled to summary judgment because Champion's injury was due solely to his own negligence. They contend that "the evidence is undisputed that Defendant Lewis did not drop his end of the grill, that he did not let go of it and that he was still holding it when Plaintiff dropped his end." This factual assertion is not supported by the record. While Lewis testified he never let go of the grill, which somehow slid and cut Champion's fingers, Champion testified that Lewis was holding the back of the grill, which dropped down suddenly, causing the weight of the grill to cut his fingers. He did not know why Lewis dropped his end, but blamed the accident on Lewis dropping his end and not warning him beforehand. Because of this factual dispute in the record, the trial court did not err in denying summary judgment to Lewis and Bennett's Fire Protection Systems.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

Decided September 1, 2005 —
Reconsiderations denied September 14, 2005.

*Young, Thagard, Hoffman, Smith & Lawrence, Matthew R. Lawrence, Spurlin & Spurlin, John C. Spurlin, Simpson & Cross, Ralph F. Simpson, Carter & Richbourg, Joseph I. Carter*, for appellants.

*Render M. Heard, Jr., John T. Croley, Jr.*, for appellee.