A06A0184. KAPHERR et al. v. MFG CHEMICAL, INC.
(625 SE2d 513)

BLACKBURN, Presiding Judge.

In this damages action for asthmatic injuries caused when she responded as an emergency medical technician (EMT) to an accidental release of toxic chemicals, Terrie Melissa Kapherr and her husband appeal the trial court's entry of judgment on the pleadings. They argue that the Fireman's Rule (which precludes actions by public safety employees for injuries received as a result of the negligence causing the emergency to which they are responding) does not apply to EMTs generally and did not apply to her specific set of circumstances. Finding that the Fireman's Rule does apply, we affirm.

---

[7] *Smith v. State*, 244 Ga. App. 165, 169-170 (4) (534 SE2d 903) (2000).

[8] See OCGA § 16-3-5.

[9] *Rice v. State*, 226 Ga. App. 770, 774 (4) (487 SE2d 517) (1997).

"We review the trial court's grant of judgment on the pleadings pursuant to OCGA § 9-11-12 (c) to determine whether the undisputed facts that appear from the pleadings show the moving party is entitled to judgment as a matter of law. All well-pleaded material allegations of fact are taken as true, but legal conclusions need not be accepted." (Citation omitted.) *Ga. Oilmen's Assn. v. Dept. of Revenue.*[1] Kapherr's complaint alleges that while acting as an EMT, Kapherr responded to a call to evaluate and treat personnel injured by a highly toxic gas and vapor cloud that had escaped from a local chemical plant owned by MFG Chemical, Inc. When she entered the toxic hazard zone, Kapherr developed chest pain, muscle tightness around her abdomen and back, and shortness of breath, which symptoms became a permanent asthmatic condition.

Kapherr sued MFG Chemical, alleging negligent release of the toxic chemicals. MFG Chemical moved for judgment on the pleadings on the ground that as an EMT responding to an emergency situation, Kapherr was precluded under the Fireman's Rule from recovering for injuries caused by the very circumstance that occasioned her presence at the scene. Kapherr responded by filing an affidavit that she had no firefighting duties and that under her employer's policy, she could only treat persons at secure scenes. The trial court granted the motion, entering judgment against Kapherr and her husband. Kapherr and her husband appeal, arguing that the Fireman's Rule does not apply to EMTs and in any case does not apply to her particular set of circumstances.

1. The Fireman's Rule in Georgia

> is a public policy of the State of Georgia that a public safety employee cannot recover for injuries caused by the very negligence that initially required his presence in an official capacity and subjected the public safety employee to harm; that public policy precludes recovery against an individual whose negligence created a need for the presence of the public safety employee at the scene in his professional capacity.

*Bycom Corp. v. White.*[2] See *Lewis v. Champion*[3] ("[t]he Fireman's Rule provides that a public safety officer may not recover for the negligence that caused the situation to which he responded").

---

[1] *Ga. Oilmen's Assn. v. Dept. of Revenue*, 261 Ga. App. 393, 395 (1) (582 SE2d 549) (2003).

[2] *Bycom Corp. v. White*, 187 Ga. App. 759, 762 (1) (371 SE2d 233) (1988).

[3] *Lewis v. Champion*, 275 Ga. App. 496, 497 (1) (621 SE2d 481) (2005).

Here, the facts alleged in the complaint show that Kapherr was injured as a result of the negligence (accidental release of toxic fumes) that necessitated her presence at the scene. The primary question on appeal, therefore, is whether the Fireman's Rule applies to EMTs such as Kapherr. This hinges on whether an EMT is a public safety officer or employee as understood in this rule.

To answer this question, we look to the policy reasons behind this rule. First is the assumption of risk doctrine.

> [I]t is the nature of the job undertaken for the employee to be subjected to risks of injury created by people he or she is called upon to serve. By accepting that job the employee assumes a general or primary risk of injury. . . . The justification for imposing this general or primary risk is that the employee is paid to encounter it and trained to cope with it.

*Gaither v. MARTA.*[4] EMTs, who like firefighters and police are the first responders to emergency situations where hazards are inherent, would appear to assume this general risk of injury. See *Pinter v. American Family Mut. Ins. Co.*[5] (like firefighters, EMTs "know that they will be expected to provide aid and protection to others in . . . hazardous circumstances"). Cf. *Atlanta Braves v. Leslie*[6] (by the nature of his job, stadium security guard assumed risk of encountering an armed robber and being injured thereby). We see no reason not to apply this policy to Kapherr.

Second, it would be too burdensome to charge all who negligently cause a need for emergency services with the injuries suffered by the first responders trained to come and deal with the effects of those inevitable, although negligently created, occurrences. See *Gaither*, supra. Indeed, "it offends public policy to say that a citizen invites private liability merely because he happens to create a need for those public services. Citizens should be encouraged and not in any way discouraged from relying on those public employees who have been specially trained and paid to deal with these hazards." (Citation and punctuation omitted.) *Bycom Corp.*, supra at 761 (1). See *Stapper v. GMI Holdings*[7] ("[a]bsent the firefighter's rule, individuals who fear liability may hesitate to call for assistance in fighting a fire"); *Melton v. Crane Rental Co.*[8] ("it is also well recognized public policy that the doctrine seeks to prevent a chilling effect that may occur if citizens in

---

[4] *Gaither v. MARTA*, 235 Ga. App. 603, 605 (510 SE2d 342) (1998).

[5] *Pinter v. American Family Mut. Ins. Co.*, 613 NW2d 110, 118 (Wis. 2000).

[6] *Atlanta Braves v. Leslie*, 190 Ga. App. 49, 50 (1) (378 SE2d 133) (1989).

[7] *Stapper v. GMI Holdings*, 86 Cal. Rptr.2d 688, 692 (II) (Cal. Ct. App. 1999).

[8] *Melton v. Crane Rental Co.*, 742 A2d 875, 876, n. 5 (D.C. App. 1999).

need of help were not free to solicit the assistance of professional rescuers for fear of tort liability"). Here, when faced with an accidental release of toxic fumes, manufacturers like MFG Chemical should be encouraged to call on emergency services such as EMTs to handle the resulting injuries without fear of inviting additional liability.

Third, as stated by the California Supreme Court, "it is somehow unfair to permit a [public safety officer] to sue for injuries caused by the negligence that made his or her employment necessary." *Neighbarger v. Irwin Indus.*[9] It is the emergency personnel's business to deal with emergency situations, see *City of Oceanside v. The Superior Court of San Diego County*[10] (emergency medical personnel and other first responders "respond to public emergencies or crises for which they have been employed and specially trained"); thus, such a public safety employee or officer "cannot complain of negligence in the creation of the very occasion for his engagement." (Punctuation omitted.) *Bycom Corp.*, supra at 761 (1). See *Ingram v. Peachtree South, Ltd.*[11] Here, Kapherr as an EMT was responding to a public emergency for which she had been employed and trained; she should not be allowed to complain of the negligence that created the very reason for her employment. See *Hamilton v. Martinelli & Assoc.*[12] ("public safety officers, whose occupation necessarily exposes them to certain risks of injury, cannot complain of negligent acts that create the very reason for their employment") (punctuation omitted).

Beyond the policy reasons that indicate that EMTs are "public safety employees" for purposes of the Fireman's Rule, other factors indicate that this phrase normally includes EMTs. OCGA § 31-22-9.1 (a) (23), which concerns HIV tests, defines "public safety employee" as "an emergency medical technician, firefighter, law enforcement officer, or prison guard." Cf. *Columbus, Ga. Consolidated Govt. v. Schmidt*[13] (EMTs are considered public safety employees for compensation purposes). In *Whiting v. Central Trux & Parts*,[14] the court referred to 28 CFR § 32.2 (j) (for purposes of death and disability benefits, "public safety officer" includes law enforcement officers, firefighters, rescue squad members and ambulance crew members) to determine to whom the Fireman's Rule applies. One state that

---

[9] *Neighbarger v. Irwin Indus.*, 882 P2d 347, 354 (Cal. 1994).

[10] *City of Oceanside v. The Superior Court of San Diego County*, 96 Cal. Rptr.2d 621, 629 (IV) (A) (Cal. Ct. App. 2000).

[11] *Ingram v. Peachtree South, Ltd.*, 182 Ga. App. 367, 368 (355 SE2d 717) (1987).

[12] *Hamilton v. Martinelli & Assoc.*, 2 Cal. Rptr.3d 168, 177 (3) (C) (Cal. Ct. App. 2003).

[13] *Columbus, Ga. Consolidated Govt. v. Schmidt*, 269 Ga. 723 (507 SE2d 435) (1998).

[14] *Whiting v. Central Trux & Parts*, 984 FSupp. 1096, 1106 (IV) (C) (E.D. Mich. 1997).

codified the Fireman's Rule expressly included EMTs. N.H. Rev. Stat. Ann. § 507:8-h (I). See *Matarese v. New Hampshire &c. Trust.*[15]

Accordingly, many other jurisdictions have concluded that the Fireman's Rule applies to EMTs. See *City of Oceanside,* supra at 629 (IV) (A) (California); *Melton,* supra at 875-877 (D.C.); *Randich v. Pirtano Constr. Co.*[16] (Illinois); *Sam v. Wesley*[17] (Indiana); *Maggard v. Conagra Foods*[18] (Kentucky); *Pinter,* supra at 111 (Wisconsin). But see *Kowalski v. Gratopp*[19] (Michigan); *Krause v. U. S. Truck Co.*[20] (Missouri). See generally Annot., "Application of 'Firemen's Rule' to Bar Recovery by Emergency Medical Personnel Injured in Responding to, or at Scene of, Emergency," 89 ALR4th 1079 (1991). Based on the policy reasons for the rule, we concur and hold that the Fireman's Rule applies to EMTs.

2. Kapherr maintains, however, that under her particular set of circumstances, the Fireman's Rule does not apply since under her employer's policy, she was to treat the injured at the scene only if the scene were secure. However, this argument ignores that as a first responder and professional rescuer, Kapherr necessarily assumed the risk of the hazardous circumstances at the scene, particularly at a scene involving the toxic release of chemicals. It also ignores the other policy reasons behind the Fireman's Rule, such as the unfairness of allowing an EMT to recover for the very negligence that created the need for her employment. As stated in *Bycom Corp.,* supra at 762 (1), "[t]he relevant inquiry is whether the negligently created risk which resulted in the [public safety employee's] injury was the very reason for his presence on the scene in his professional capacity. If the answer is yes, then recovery is barred; if no, recovery may be had." (Punctuation omitted.) The policies of Kapherr's particular employer do not diminish the dispositive nature of this inquiry.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED DECEMBER 28, 2005.

*Horton, Maddox & Anderson, William H. Horton, Carol L. Ballard,* for appellants.

*Charles J. Bethel,* for appellee.

---

[15] *Matarese v. New Hampshire &c. Trust,* 791 A2d 175, 177 (N.H. 2002).

[16] *Randich v. Pirtano Constr. Co.,* 804 NE2d 581, 589 (Ill. Ct. App. 2004).

[17] *Sam v. Wesley,* 647 NE2d 382, 384 (Ind. Ct. App. 1995).

[18] *Maggard v. Conagra Foods,* 168 SW3d 425, 427-428 (Ky. Ct. App. 2005).

[19] *Kowalski v. Gratopp,* 442 NW2d 682, 683-684 (Mich. Ct. App. 1989).

[20] *Krause v. U. S. Truck Co.,* 787 SW2d 708, 713 (III) (Mo. 1990).