## A06A0439. DAVIS v. PINSON.
### (631 SE2d 805)

MILLER, Judge.

Michael B. Pinson, a DeKalb County Police Officer, sued William B. Davis following a traffic accident that occurred while Pinson was on duty escorting a funeral procession. Davis moved for summary judgment, claiming that Officer Pinson's lawsuit was barred by the Fireman's Rule. Following the trial court's denial of his motion, Davis appeals. We discern no error and affirm.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Holbrook v. Stansell,* 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the record reveals that Officer Pinson was one of nine police officers escorting a funeral procession on a rural two-lane road in Morgan County. Pinson, along with the other officers riding motorcycles, generally rode in front of the procession. As the procession passed intersections requiring their assistance, one or more officers would pull out of formation to stop other traffic. After letting the procession pass through the intersection, the officers would return to their positions in front of the procession by passing the procession on the left side, just over the centerline of the road.

As the procession approached the cemetery, Officer Pinson, who had stopped traffic at the previous intersection, was passing the procession on the left side in order to return to formation. Meanwhile, the hearse and several other cars at the front of the procession, including the car in which Davis was riding, turned left into the

cemetery. Davis motioned to Charlie Edwards, who was still on the road outside the cemetery, to proceed into the cemetery. As Edwards made the turn, however, his vehicle collided with Officer Pinson, who was thrown from his motorcycle and injured.

Davis alleges that Officer Pinson's suit is barred by the Fireman's Rule. We disagree.

The Fireman's Rule originated under the principle that "while a fireman may recover for negligence independent of the fire, a landowner is not liable for negligence in causing the fire." *Ingram v. Peachtree South*, 182 Ga. App. 367, 368 (355 SE2d 717) (1987). The Fireman's Rule has been extended to police officers and other public safety officers under the theory that one "cannot complain of negligence in the creation of the very occasion for his engagement." (Citations, punctuation and footnote omitted.) *Kapherr v. MFG Chemical*, 277 Ga. App. 112, 115 (1) (625 SE2d 513) (2005).

> This is not to say that firemen or police officers are barred from recovery in all instances in which they are injured by negligent acts. The relevant inquiry is whether the negligently created risk which resulted in the fireman's or policeman's injury was the very reason for his presence on the scene in his professional capacity. If the answer is yes, then recovery is barred; if no, recovery may be had.

(Citation and punctuation omitted.) *Bycom Corp. v. White*, 187 Ga. App. 759, 762 (1) (371 SE2d 233) (1988).

For example, in *Martin v. Gaither*, 219 Ga. App. 646 (466 SE2d 621) (1995) and *Gaither v. MARTA*, 235 Ga. App. 603 (510 SE2d 342) (1998) (physical precedent only),[1] we applied the Fireman's Rule with differing outcomes based on a common set of facts. In both cases, a police officer was struck by a bus after he walked into traffic to talk to the driver of a car who was improperly parked. In *Martin*, we held that the Fireman's Rule prevented the officer from recovering against the driver of the car, because it was the driver's negligence that caused the officer to walk into traffic. *Martin*, supra, 219 Ga. App. at 651. In *Gaither*, however, the Fireman's Rule did not bar the officer from suing the bus driver, because the officer was already in the street when the bus driver's subsequent act of negligence took place. *Gaither*, supra, 235 Ga. App. at 606. See also *Lewis v. Champion*, 275

---

[1] We note that, while *Gaither* is physical precedent only, it has been cited with approval and without qualification in other cases that serve as binding precedent. See *Kapherr*, supra, 277 Ga. App. at 114; *Lewis v. Champion*, 275 Ga. App. 496, 498 (1) (621 SE2d 481) (2005).

Ga. App. 496, 498 (1) (621 SE2d 481) (2005) (Fireman's Rule does not apply where injury caused by negligence unrelated to officer's presence).

Here, Davis' alleged negligence in motioning a car to turn into the cemetery had nothing to do with Officer Pinson's presence at the scene. Since we narrowly construe the Fireman's Rule to "exclude subsequent or extrinsic acts of negligence other than the initial reason for the [officer's] presence" (*Martin*, supra, 219 Ga. App. at 650), the trial court correctly determined that the Fireman's Rule did not bar Officer Pinson's suit, and we affirm the trial court's denial of Davis' motion for summary judgment.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 31, 2006 — 

*Greer, Klosik, Daugherty, Swank & McCune, Frank J. Klosik, Jr., Doreen C. Philipps*, for appellant.
*Braun & Ree, Michael R. Braun*, for appellee.