**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 4, 2017**

# In the Court of Appeals of Georgia

A17A1771. WATSON USED CARS, LLC v. KIRKLAND et al.

ANDREWS, Judge.

Baker County Sheriff's Deputy James Todd Kirkland and his wife (collectively, "Kirkland") sued Watson Used Cars, LLC ("Watson") to recover for injuries Kirkland sustained in an automobile collision while on duty, alleging that the wreck was caused by grass clippings Watson negligently left on the highway. Watson moved for summary judgment, arguing that the Fireman's Rule barred suit. The trial court denied the motion, and we granted Watson's application for interlocutory appeal. For reasons that follow, we reverse.

Summary judgment is proper when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a trial court's summary judgment ruling de novo, construing the evidence in

the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

So viewed, the record shows that on July 12, 2013, an employee of Watson, which is located on Highway 253, mowed the grass and blew grass clippings onto the highway. For purposes of this appeal, Watson concedes that this act was negligent. Later that same day, Robert Lynch was traveling on Highway 253 on his way home from work when it started raining. As Lynch drove over the wet grass clippings, his vehicle lost traction, slid off the roadway to the right, flipped over, and came to rest upright in a field. Lynch called 911 and reported the wreck.

The call described an overturned vehicle with injuries, but did not mention grass clippings. Kirkland and another Sheriff's deputy, Robert Snider, responded in separate vehicles with their lights and sirens on, traveling to the scene at speeds nearing 100 miles per hour. As they approached the scene, Kirkland slowed to 65 to 70 miles per hour, and he took off his seat belt so he could exit his vehicle quickly. Snider slowed further when he saw Lynch's car, and Kirkland braked behind him, encountering the grass clippings on the highway as he braked. Kirkland's vehicle slid to the left and went off the roadway, striking a tree. Kirkland sustained serious

2

injuries in the collision and has been on disability leave, receiving workers' compensation benefits, since then.

A state trooper investigated both wrecks. It is undisputed that the grass clippings in the roadway caused Lynch's wreck, and the evidence, when viewed in the light most favorable to Kirkland, shows that the same wet grass clippings caused Kirkland to lose control of his vehicle.

Kirkland subsequently sued Watson for negligence. After Watson moved for summary judgment, Kirkland amended his complaint to seek punitive damages, alleging that Watson's actions constituted willful misconduct. The trial court denied Watson's summary judgment motion, but issued a certificate of immediate review, and we granted Watson's application for interlocutory appeal.

Watson argues that the Fireman's Rule bars recovery in this case. Under that rule, public safety officers "are precluded from recovery for injuries received when they are injured as a result of the negligence that caused them to be called to the scene." *Martin v. Gaither*, 219 Ga. App. 646, 651 (466 SE2d 621) (1995). "The relevant inquiry is whether the negligently created risk which resulted in the . . . injury was the very reason for [the officer's] presence on the scene in his professional

3

capacity. If the answer is yes, then recovery is barred; if no, recovery may be had."

*Bycom Corp. v. White*, 187 Ga. App. 759, 762 (371 SE2d 233) (1988).

In denying summary judgment, the trial court found that the Fireman's Rule did not apply because the wet grass clippings were an "extrinsic act other than the initial reason for Deputy Kirkland's presence." According to the trial court, "it was not the grass, but Lynch's need for help that brought" Kirkland to the scene. This analysis, however, overlooks the evidence that both wrecks were caused by the same grass clippings. Indeed, the only act of negligence alleged in Kirkland's complaint is Watson's depositing of grass clippings on the highway.[1] There is no "extrinsic act" of negligence in this case. Rather, Kirkland was injured as a result of the same negligence (wet grass clippings on the roadway) that caused Lynch to lose control of his car and necessitated Kirkland's presence on the scene. See *Bycom Corp*, 187 Ga. App. at 762 ("[A] public safety employee cannot recover for injuries caused by the very negligence that initially required his presence in an official capacity and subjected the public safety employee to harm."); *Ingram v. Peachtree South, Ltd.*, 182

---

[1] In contrast, in the case upon which the trial court relied, no "act or omission" on the defendant's part "required or prompted" the officer "to be out in the street fulfilling his duty[.]" *Gaither v. Metro. Atlanta Rapid Transit Auth.*, 235 Ga. App. 603, 605 (510 SE2d 342) (1998).

4

Ga. App. 367, 368 (355 SE2d 717) (1987) ("one cannot complain of negligence in the creation of the very occasion for his engagement") (punctuation omitted).

Alternatively, the trial court concluded that Kirkland's lack of knowledge about the grass clippings created a factual question "as to whether the accumulation of wet grass in the road was an unknown pitfall or mantrap." It is true that public safety officers "are not precluded from recovery for injury from pitfalls, mantraps and things of that kind or wanton and wilful conduct." *Martin*, 219 Ga. App. at 651. The doctrine of mantrap or pitfall, however, rests "upon the theory that [a property] owner is expecting a trespasser or a licensee and has prepared the premises to do him injury." *Frank Mayes & Assocs. v. Massood*, 238 Ga. App. 416, 418-19 (2) (518 SE2d 903) (1999) (punctuation omitted). See also *Scully v. Bd. of Regents of Univ. Sys. of Ga.*, 332 Ga. App. 873, 878 (2) n.6 (775 SE2d 230) (2015) ("Mantraps are deliberately set traps or perils hidden by the owner with the intent to cause injury."). There is no evidence that Watson or its employee deliberately deposited the grass clippings on the highway with the intent to cause injury.

We similarly find no merit in Kirkland's claim that Watson acted wilfully and wantonly by deliberately blowing grass clippings onto the roadway, thereby removing this case from the Fireman's Rule. To establish wilful and wanton conduct, a claimant

5

must demonstrate that the defendant engaged in "conduct such as to evidence a wilful intention to inflict the injury, or else was so reckless or so charged with indifference to the consequences as to justify the jury in finding a wantonness equivalent in spirit to actual intent." *Martin*, 219 Ga. App. at 652 (punctuation omitted). Ultimately, "[t]here is an element of intent, actual or imputed, in wilful and wanton conduct which removes such conduct from the range of conduct which may be termed negligent." Id. (punctuation omitted).

Despite Kirkland's claim to the contrary, the record contains no evidence that anyone – much less Watson – understood the hazard posed by grass clippings on the highway before these wrecks occurred. Kirkland and another officer testified that they did not consider grass clippings on the roadway dangerous prior to the wrecks. And Kirkland's expert conceded that he had never previously investigated an automobile collision where grass clippings were a contributing factor. Simply put, the evidence does not support the conclusion that Watson intended to inflict injury or was so indifferent to the consequences as to impute intent here. See *Gadd v. Warwick*, 339 Ga. App. 802, 804-806 (1) (b) (792 SE2d 773) (2016) (horse owner entitled to summary judgment on claim that defendant wilfully and wantonly leased unsuitable

6

horse to summer camp, resulting in injury to counselor, where record contained no admissible evidence of prior dangerous incidents involving the horse).

Given the evidence presented, the trial court erred in refusing to apply the Fireman's Rule to Kirkland's claims. Accordingly, we reverse the denial of summary judgment. See *Kapherr v. MFG Chem., Inc.*, 277 Ga. App. 112, 114 (625 SE2d 513) (2005) (Fireman's Rule applied to emergency medical technician where "the facts alleged in the complaint show[ed] that [the plaintiff] was injured as a result of the negligence (accidental release of toxic fumes) that necessitated her presence at the scene"); *Martin*, 219 Ga. App. at 651 (police officer struck by a bus after stepping into street to instruct illegally parked motorist to move car could not recover against motorist); *Bycom Corp.*, 187 Ga. App. at 762 (fireman injured during natural gas explosion barred from recovering on claim that corporation negligently caused natural gas pipeline to rupture). Compare *Gaither*, 235 Ga. App. at 604 (Fireman's Rule does not apply to "the subsequent negligent acts of a party other than the party whose initial negligence occasioned the engagement of the police officer in the place where he was injured").

*Judgment reversed. Ellington, P. J., and Rickman, J., concur in judgment only.*

7